A. F. SHRIVER *v.* J. O. LOVEJOY, AND J. A. GRAND-VOINET.

JOINT MAKERS OF NOTE ALL PRINCIPALS.—In an action on a promissory note against several joint makers, neither can show in defense that as between him and the other joint makers he was only a surety.

IDEM.—All the makers of a joint and several promissory note, as between themselves and the payee, are regarded as principals.

IDEM.—If one of the joint makers of a note signed as a surety for the others, and the payee sue all, and attach enough of the property of the principals on the note to secure his pay, and then release it, the surety is not thereby discharged.

APPEAL from the District Court, Thirteenth Judicial District, Mariposa County.

The following is a copy of the note sued on :

" $1,500  00-100.

" On or before the 1st day of May, A. D. 1865, we, or either. of us, promise to pay A. F. Shriver, or order, the sum of fifteen hundred dollars in gold coin of the United° States, with interest thereon at the rate of two per cent per month from date until paid, for value received.

"                                                    " LOVEJOY & Co.,
" January 4th, 1865.                    GRANDVOINET."

The defendant Grandvoinet appealed.

The other facts are stated in the opinion of the Court and in the concurring opinion.

*Patterson, Wallace & Stow*, for Appellant.

"When an individual becomes a party to a note or bill at the request and for the benefit of another, the relation of principal and surety exists, *and must be regarded by all other parties affected with notice.*" (*Pitts* v. *Congdon*, 2 Comstock, 354; citing 21 Wend. 504, *Griffith* v. *Reed*, where Mr. Justice Bronson said: "It has long been settled that a man may become a party to a promissory note or bill of exchange as a surety, *and* that he is entitled to all the privileges applicable to that character as fully as though he were surety in a different form of contract;" citing *Paine* v. *Packard*, 13 John. 174; *King* v. *Baldwin*, 17 Id. 384; *Manchester Iron Co.* v. *Sweeting*, 10 Wend. 163; 13 Id. 365; Id. 401; see to same effect, *Harris* v. *Brooks*, 21 Pick. 195; *Carpenter* v. *King*, 9 Met. 51; *Grafton Bank* v. *Kent*, 4 N. H.; *Branch Bank* v. *James*, 9 Alabama, 949.) Parsons on Bills and N., p. 234, Vol. I, concludes, the weight of authority and principle is in favor of the admission of evidence to prove that one of two joint makers was surety; *provided*, the holder knew such fact before the maturity of the note. (*Wheat* v. *Kendall*, 6 N. H. 504; 6 Hammond, 17; 5 Id. 107; and the numerous authorities collated in note "e," Vol. I, pp. 234–35, Parsons on Bills and N.) "When it does not appear on the face of the paper that the party is a surety, notice of the character in which he contracted must of course be brought home to the holder before he can be affected by it." (21 Wend. 504.)

*George Cadwalader*, for Respondent.

In the case of *Dane* v. *Cordua*, 24 Cal. 165, Mr. Justice Sawyer, in delivering the opinion of the Court, said: "When a party contracts jointly with another, as in this case, as between himself and the creditor, he is the principal debtor— he expressly undertakes to pay the debt." Grandvoinet, of course, under this decision is not a surety, but a principal. *Dane* v. *Cordua* reviews a number of the cases cited by appellant, and holds that the alleged surety must pay the debt

before he has any rights of action against the person claimed by him as the principal obligor; or that he may proceed under the five hundred and twenty-seventh section of the Practice Act to compel such obligor to satisfy the debt. *Dane* v. *Cordua*, with *Aud* v. *Magruder*, place Grandvoinet in the position of the principal debtor. As the relation of principal and surety cannot exist in this case, it is out of place to quote authority going to show what the consequences would be if the relation existed.

By the Court, RHODES, J. :

The plaintiff sued Lovejoy—the surviving partner of Lovejoy & Co.—and Grandvoinet, upon a joint and several promissory note made by Lovejoy & Co. and Grandvoinet to the plaintiff. Grandvoinet relied for a defense mainly on the fact that Lovejoy & Co. were the principal debtors, that he was only their surety, and that the plaintiff after having commenced this action and attached sufficient property of Lovejoy to satisfy the demand, released the property from the attachment, and the same was attached by other creditors of Lovejoy. The Court gave judgment for the plaintiff.

All the makers of a joint and several promissory note, whatever may be their true relation between themselves, stand, as to the payee, as principals. The promise of each is an absolute and primary promise, not a conditional or secondary promise. The creditor is not interested in knowing the relation of the makers with each other. In a suit on the note, he ought not to be delayed by an investigation into matters which do not concern him. The Practice Act does not provide the necessary machinery for conducting that sort of a triangular litigation. When one maker alleges that he is a surety, how is another maker to deny the allegation? He may be prepared to disprove it; but how can he be permitted to do so, unless he takes issue upon it? The law interposes a denial of the new matter of the answer, in behalf of the plaintiff, but we have never heard that it is also deemed to be denied by

the other defendants. If the suretyship can be alleged, it must, if proven, be found as a fact, and the judgment must be in accordance with it, though the fact found be contrary to the tenor and effect of the note on which the recovery is had. It would better accord with the rules of pleading and evidence, to render judgment on the contract that the makers of the note entered into with the payee, rather than such as they may have made among themselves. These matters cannot be inquired into in a suit on the note. (*Aud* v. *Magruder*, 10 Cal..288; *Dane* v. *Cordua*, 24 Cal. 164.) The authorities upon this point were reviewed at some length in the last case cited, and although the cases are not uniform, yet the doctrine is so firmly based upon principle and so fully sanctioned by commercial usage, that we regard a further review as useless and idle.

As he was not entitled to show that he was not a principal, but that as between himself and Lovejoy & Co. he was merely their surety, he had no better right than Lovejoy to complain of the release of the attachment, and he is not entitled to avail himself of that fact in this action in any other manner or for any other purpose than could Lovejoy, who certainly could not set it up as a defense to the action.

Judgment affirmed.

Mr. Justice SHAFTER delivered the following opinion, concurring specially, in which Mr. Justice SAWYER concurred:

I concur in the judgment on the ground that it is found by the Court, and on what I consider sufficient evidence, that the appellant was not a surety, but a principal party to the note. On the question discussed in the opinion of brother RHODES, I refrain from expressing an opinion.