JAMES E. DAMON *v.* GEORGE PARDOW and E. D. WATERS.

PROMISSORY NOTE.—Where a promissory note was made jointly by A. and B., and delivered to C., the consideration for which was received by A. alone, and as between A. and B. the latter signed as surety for A., who had deposited collateral security for the payment of the note with C., of which transaction as a whole C. had notice when the note was executed : *held,* that as between the makers and the payee, A. and B. were principals, and liable as such to C.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This was an action on a promissory note, of which the following is a copy, to wit:

"$450.                    SAN FRANCISCO, December 9th, 1865.

" Sixty days after date, without grace, for value received, in gold coin of the United States of America, we promise to pay to the order of Jas. E. Damon, at his office in this city, the sum of four hundred and fifty dollars, with interest thereon from date, until paid, at the rate of three per cent per month, payable monthly ; the said interest, if not so paid, to become part of the principal and bear the same rate of interest as above specified ; and for further value received, we hereby agree and bind ourselves to pay said principal and interest in gold coin of the United States of America, waiving any legal right which we now have or may hereafter have to pay the same in any other money or currency.

                                        " G. PARDOW,
                                        " E. D. WATERS."

Defendant E. D. Waters, answering separately, set up that he signed the note as surety and not as principal, of which plaintiff had due notice at the time of its execution. That at said time G. Pardow, who alone received the consideration for which the note was made, deposited with plaintiff certain mining stocks, of greater value than the principal and the interest to grow due at maturity on said note, as

collateral security, out of which, by a sale thereof, plaintiff was authorized to pay said note. That this latter agreement was in writing, and duly signed by said Pardow and delivered to plaintiff. That, at the maturity of said note, plaintiff still held said stocks, which then still were of ample value to satisfy said note, but instead of selling the same, as authorized, and from the proceeds paying said note, he still holds the same, and until the said stock has become greatly depreciated in value. That he (Waters) had no notice of the nonpayment as aforesaid, until long after the maturity of said note. That both said note and agreement in writing were written on the same piece of paper.

To this answer plaintiff demurred, on the ground that the facts therein contained did not constitute a defense to said action. The demurrer was sustained by the Court, and on failure of defendant Waters to amend, judgment was entered against defendants by default. Defendant Waters appealed, and assigned that the Court below erred in sustaining said demurrer, also in rendering said judgment.

*Cutter & Washington*, for Appellant.

All the parts of the instrument set forth in the answer having been executed simultaneously, and being written conjunctively on one piece of paper, must be construed together, and that part of it preceding the signature of the defendant Waters cannot be detached from the parts that follow, and be treated separately as a *promissory note*. If the whole instrument is construed together, it is not a promissory note in legal contemplation, and is not, therefore, subject to the strict rules regulating such security, or negotiable paper, and the authorities cited by the respondent are not applicable to the case. In order to make an instrument a valid promissory note, it must be for the payment of money, and for the payment of money only; for if it be a promise to pay money *and* to do any other act, or a promise to do any act, and not to pay money, it is not, in

the sense of the commercial law, a promissory note; and it is not negotiable, and does not enjoy the common privileges applicable to such negotiable paper. (Story on Prom. Notes, Sec. 17; Bayley on Bills, Ch. I, Sec. 4, p. 10, 5th ed.; Story on Bills, Ch. V, pp. 152, 153, 8th ed.)

If the instrument set forth in the answer is held to be a written contract, without the requisites of a promissory note or negotiable paper, then parol testimony is admissible to show the circumstances, conditions, and limitations under which the paper was signed by the defendant Waters.

" If some of the sureties on a bond sign upon condition that others, whom they name, shall also execute it as sureties, the execution by those persons so named becomes a condition precedent to the liability of those who have already signed, and parol evidence is admissible to show such condition." (*Paulding* v. *United States*, 4 Cranch, 219; *United States* v. *Leffeler*, 11 Peters, 86.) Such parol evidence does not contradict, but merely explains the written agreement.

*J. McM. Shafter*, for Respondent, in support of the judgment cited: *Humphreys* v. *Yale*, 5 Cal. 173; *Hartman* v. *Burlingame*, 9 Cal. 557; *Kritzer* v. *Mills*, 9 Cal. 21; Story on Bailments, Sec. 315; *Schnoeppell* v. *Shaw*, 3 N. Y. 446; *Schnoeppell* v. *Shaw*, 5 Barb. 586; *Goldsmith* v. *Brown*, 35 Barb. 484.

By the Court, Sanderson, J.:

The note in suit is the joint and several note of the makers. As between them and the payee they are both principals. If one of the makers received all the consideration, or if one be surety for the other as between themselves, it is a matter about which the payee is not concerned. As to him they are both principals notwithstanding, and hence if the relationship suggested exists between them it cannot be made the subject of judicial inquiry in this action.

(*Aud* v. *Magruder*, 10 Cal. 288; *Dane* v. *Corduan*, 24 Cal. 164; *Shriver* v. *Lovejoy*, 32 Cal. 574.)

Judgment affirmed.