[No. 3,158.]

## C. W. CLARKE AND FREDERICK COX *v.* J. M. SCOTT AND MILES SCOTT, COMPOSING THE FIRM OF J. M. SCOTT & CO., AND S. W. SCOTT.

RIGHT OF DEBTOR TO DIRECT APPLICATION OF PAYMENTS.—The debtor, who owes the same person on several promissory notes, has the right to direct verbally on which notes any payments he may make shall be applied.

EVIDENCE OF CHOICE OF DEBTOR AS TO APPLICATION OF PAYMENTS.— In an action upon a promissory note against the debtor and one who signed as surety, where the defense is that other notes were given by the debtor at the same time as the one in suit, with a verbal agreement with the plaintiff that the first payments made by the debtor should be applied on the note signed by the surety until it was paid, and that payments had been made and had been wrongfully indorsed on the notes not signed by the surety, the defendants have a right to give such verbal agreement in evidence as tending to show that the debtor, when he made the payments, had not changed his first intention as to how the payments were to be applied.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

S. W. Scott purchased a tract of land from the plaintiffs on the 27th of September, 1865, for four thousand dollars, and executed his three promissory notes to them for one thousand three hundred and thirty-three dollars each. One of these notes was payable in one year, another in two years, and the third in three years. Defendants J. M. Scott and Miles Scott signed, as sureties, the note payable in one year. This suit was commenced on the note signed by the sureties, on the 24th of September, 1870. The two other notes were secured by mortgage on the land.

The defendants, in their answer, set up that at the time the sureties signed there was an agreement made by the

defendants with the plaintiffs that any payments made by the debtor, S. W. Scott, should be applied on the note in suit until it was paid, and that S. W. Scott had paid on the 1st day of November, 1866, four hundred and thirty dollars; on the 31st of October, 1867, three hundred and fifty dollars; and on the 31st of January, 1868, two hundred dollars, which should have been applied on the note, under the agreement. On the trial the defendants offered to prove that at the time the note in suit was signed a verbal agreement, as stated in the answer, was made between the plaintiffs and defendants. The plaintiffs' attorney objected to the offer on the ground that the obligation of the note could not be impaired or varied by such verbal agreement. The Court sustained the objection. Defendants introduced as a witness plaintiff Clarke, who testified that S. W. Scott had made three payments to plaintiffs at about the time and of about the amounts stated in the answer, and that he applied the payments on the second and third notes.

The plaintiffs recovered judgment for the full amount of the note in suit, and the defendants appealed.

*Creed Haymond*, for Appellants, argued that the verbal agreement was no part of the original contract (that is, the promissory note), and did not in the least vary or impair it; that it was a distinct contract, in accordance with which the defendants, Scott & Co., had been induced to sign as sureties, and that it was competent for a debtor, where there was more than one debt owing, to direct to which debt the payment shall be applied, and cited *Wendt* v. *Ross*, 33 Cal. 650; *Reed* v. *Boardman*, 20 Pick. 441; 20 Cal. 126; 1 Mass. 297, and 8 Met. 59.

*George Cadwalader*, for Respondent.

The promissory note being an unconditional promise to pay at a certain period, the verbal agreement would deprive

the plaintiffs of the security afforded by the signatures of Scott & Co., if the assets of S. W. Scott prove insufficient to pay the entire indebtedness. This would be an inadmissible variation of the contract. (Parsons on Mercantile Law, 82; *Reed* v. *Magruder*, 10 Cal. 282.)

By the COURT:

The question as to whether the defendant S. W. Scott, at the times at which he made the several payments to the plaintiffs, did elect to apply them, or any of them, to either of the three notes of his which were held by the plaintiffs, is a question of fact. Under the general rule he, being a debtor, had the right to direct the manner in which the payments, or either of them, should be applied. Had he given a distinct verbal direction at the time of making any one of the payments, there could be no doubt that it would be a payment only upon the particular note designated by him. If it be a fact that at the time the defendants, J. M. Scott & Co., as sureties of the other defendant, S. W. Scott, signed the note in suit, it was *then* agreed or understood between all the parties that such payment as the defendant S. W. Scott might thereafter make should be applied toward the satisfaction of that particular note, it would be a circumstance tending, in some degree at least, to establish by presumption that the payments, when they were subsequently actually made by the defendant S. W. Scott, without any intermediate change of his first intention, were to be so applied; and in this view we think that the proffered evidence ought to have been admitted.

Judgment reversed, and cause remanded for a new trial.