[No. 7,043.—Department No. 1.]

## HARLAN ET AL. *v.* ELY.

PRINCIPAL AND SURETY — DEFINITION — PROMISSORY NOTE.—One may be a surety only as between himself and his co-promisor, and yet, as to the creditor, both his apparent and actual character be that of principal. So *held*, in an action upon a promissory note, where it appeared that one S. applied to the plaintiffs for a loan, and that they agreed to let him have the money if he would give a note signed by himself and the defendants, as joint and several makers; and the note was so executed; but all the parties knew that the loan was made for the sole benefit of S., and that, as between himself and the defendant, the latter was merely a surety.

INSUFFICIENT FINDING.—The Court, after finding other facts, found that "the foregoing are all the facts of the case, and all and singular the allegations of the * * answer are untrue, *except only in so far as the same accord with the foregoing facts.*" *Held*, insufficient.

APPEAL from a judgment for the plaintiffs, and from an order denying a new trial, in the Sixth District Court, County of Yolo. DENSON, J.

The facts are stated in the opinion.

*J. C. Ball,* and *J. W. Armstrong,* for Appellants.

Upon the facts found, the defendant was only surety. (Civ. Code, §§ 2831, 2832, 2844.) Whatever the law may have been prior to the Codes, it is clear that parole evidence is admissible, under the Civil Code, that a joint maker is in fact a surety. (*Perley* v. *Loney,* 17 Up. Can. Q. B. Rep. 279; *Hubbard* v. *Gurney,* 64 N. Y. 457; *Holland* v. *Johnson,* 51 Ind. 346; *Springer* v. *Toothaker,* 43 Me. 383; *Pooley* v. *Harradine,* 7 El. & B. 431; *Greenough* v. *McClelland,* 2 El. & E. 424; Brandt on Suretyship, §§ 17, 18, 19, 20; 2 Whart. Ev. § 952; *Lawton* v. *Gordon,* 34 Cal. 36.)

The plaintiffs received under their mortgage more wheat than

would pay the note, and parted with it without the knowledge of the defendant. They had no authority to sell the wheat on credit, or to take the check of Mansfield in payment.

The finding of the Court was insufficient. (*Johnson* v. *Squires*, 53 Cal. 37; *Elliott* v. *Peck*, id. 84; *Phipps* v. *Harlan*, id. 87; *Baggs* v. *Smith*, id. 88; *People* v. *Forbes*, 51 id. 628; *Ladd* v. *Tully*, id. 277; *Breeze* v. *Doyle*, 19 id. 102.)

*J. H. McKune*, for Respondent.

The note sued upon is signed by defendant as principal, and, as to the plaintiffs, he (having bound himself as principal) must be held to his contract. (*Dane* v. *Corduan*, 24 Cal. 165; *Shriver* v. *Lovejoy*, 32 id. 574; *Damon* v. *Pardow*, 34 id. 280; *Aud* v. *Magruder*, 10 id. 288; Code Civ. Proc. § 1856; 5 Cal. 173; 9 id. 557; id. 21.) Sections 1831–2 of the Civil Code do not change the rule established in the cases cited.

McKINSTRY, J.:

The District Court amongst other things found: "On the 31st day of October, A. D. 1877, one D. F. Scroggins applied to plaintiffs for a loan of $3,000, and offered as security therefor his own note and a mortgage upon his crop to be grown the ensuing season, which was declined by plaintiffs; but it was finally agreed between Scroggins and plaintiffs that if he would give a note, signed by himself and the defendant, as joint and several makers, and also give the mortgage suggested, they would let him have the money.

Thereupon the note sued upon, (a copy of which is set out in the second amended answer herein) was drawn up, and Scroggins went with it to the defendant's house, informed him of the arrangement with plaintiffs, and procured him, the defendant, to join him (Scroggins) in the execution of the note.

Said note was executed by said Scroggins and the defendant on that day, and on the first day of November, A. D. 1877, Scroggins took said note to the plaintiffs and delivered it to them, and at the same time executed and delivered to them the mortgage of that date, (a copy of which is set out in the second amended answer herein) and received from them the sum of $3,000 in United States gold coin.

The defendant never received any part of said money, and all of the aforesaid parties knew and understood that the loan was made and intended for the sole benefit of Scroggins, and that as between the defendant and Scroggins the defendant was merely a surety.

On the 15th day of June, A. D. 1878, the said Scroggins made, executed, and delivered to the plaintiffs another mortgage, a copy of which is also set out in the second amended answer; which second mortgage was executed to cure some defects, or supposed defects in the first, and also to secure the payment of another note herein set out."

Section 2832 of the Civil Code is: " One who appears to be a principal, whether by the terms of a written instrument or otherwise, may show that he is, in fact, a surety, except as against persons who have acted on the faith of his apparent character as principal."

The section of the Civil Code relates to a class of cases in which the apparent differs from the real character of a contracting party. But one may be a surety merely, as between himself and his co-promisor, and yet, as to the creditor, both his apparent and actual character be that of principal. It is suggested, with much plausibility, that the plaintiffs could not have acted on the faith of the defendant's apparent, because they know his real, character. But this is a claim that a knowledge of plaintiff's that, as between themselves, defendant was merely the surety of Scroggins, (that it was their agreement that Scroggins should pay the note) conclusively establishes an agreement on the part of plaintiffs, that defendant should be surety only as to *them*. If adopted as a rule, this would be to declare in effect that a man cannot promise in writing to be bound as principal, if, in fact, as to another party to the same or another instrument, he is merely the surety. However positive the declaration that the purpose was to create a primary and unconditional liability, the instrument could not be made operative in the manner intended by all the parties interested in it. Such cannot be the law.

It would be strange if one could not waive his right to be treated as surety, and agree that he should be bound as upon his unconditional promise.

The section of the Code is to be construed with reference to the law as it stood when the Codes were adopted. Assuming this, it by no means follows that the payee, under circumstances like those disclosed in the record, may not rely upon the written contract. In *Shriver* v. *Lovejoy*, 32 Cal. 575, it was held that all the joint and several makers of a promissory note, as between themselves and the payee, are regarded as principals; that neither of the makers could show in defense that, as between himself and the other joint makers, he was only a surety, and that when the payee sued all, attached property of the other makers sufficient to satisfy his claim, and then released it, the surety was not discharged. Such is, then, the law of this State, unless the section of the Civil Code above cited has changed the rule. In the present case, the circumstances do not show that the actual relation of defendant to *plaintiffs* was different from the apparent relation. We cannot say, at all events, that the evidence so completely established the contrary as that a new trial should be granted. As between defendant and Scroggins, the former may have been surety for the latter, and yet both be bound as principals by their contract with plaintiffs. Such was the effect of their written promise, and the other facts found might coexist with the conclusion to be drawn from the written promise. Plaintiffs refused to loan the money to Scroggins alone, but agreed to lend it and did lend it to Scroggins and defendant upon their joint and several obligation. That they knew that the former alone was to get the use of the money, cannot change the result. It was lent to both. The character which it was agreed should be performed by defendant in the transaction with plaintiffs was that of principal. If plaintiffs had advanced their money without notice of the suretyship, they could have held defendant as maker. If they had agreed to take him as surety, they could only have held him as such, although he appeared as principal upon the written instrument. The present is a case beyond the statute, in which the Court below reached the conclusion that the defendant had not appeared in duplicate character in his transaction with the plaintiffs, but that his real and apparent relation to them was the same. We cannot say the Court erred in coming to this conclusion.

It may be that defendant, although a principal debtor, is en-

titled to have applied upon the promissory note, or to claim by way of set-off, the value of the grain received by plaintiffs under the mortgage agreement, and by them disposed of for the check of an insolvent. It is not necessary, however, to determine any question thus suggested, inasmuch as we are convinced the judgment must be reversed, because of the insufficiency of the *findings*. Defendant was entitled to a distinct finding by the District Court upon every material issue, whether the issue was made by denials of averments in the complaint or by the denials presumed by law of averments in the answer. The fifth finding of the Court below was as follows: " The foregoing are all the facts of the case, and all and singular the allegations of the second amended answer are untrue, *except only in so far as the same accord with the foregoing facts.*"

The Court below should have assumed the labor of comparing the allegations of the answer with the facts by it found; as it is, we are not informed which of the allegations of the answer were in the opinion of the Court below true, which untrue. We cannot assume the function of determining for the first time the truth or falsity of any of them, either by reference to the testimony or to the facts actually found. A finding that all the " material " averments of a pleading are true or untrue is insufficient. (*Ladd* v. *Durkin*, 51 Cal. 277. See *Johnson* v. *Squires*, 53 id. 37.) But the fifth finding is no more certain than a finding which refers only to *material* allegations.

Judgment and order reversed, and cause remanded for a new trial.

Ross, J., and McKEE, J., concurred.