[No. 9976. In Bank.— February 25, 1886.]

J. P. GOODNOW, APPELLANT, *v.* HELEN M. GRIS-  WOLD ET AL., RESPONDENTS.

PRACTICE — FINDINGS — INSUFFICIENCY OF. —After the court had specifically found upon a portion of the issues, it made a general finding that "the several allegations of the complaint not in conflict with the foregoing findings are true." *Held,* that the findings were insufficient.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order refusing a new trial.

The action was brought to correct a mistake in two deeds made by tenants in common in partitioning their land. The complaint alleged that at the time the deeds were made, the defendants O. E. Parker and W. H. Troop were the owners of the land in dispute; that in pursuance

of an agreement between them to divide the land equally, they each deeded to the other certain portions of the land, but by a mistake the land was not correctly described in the deeds. The plaintiff is the successor in interest of Troop, and the defendant Helen M. Griswold was the successor of Parker at the time of the commencement of the action, but during its pendency she reconveyed to him. Judgment was rendered for the defendants. The further facts are stated in the opinion of Mr. Justice Thornton.

*Ball & Craig, Armstrong & Hinkson,* and *S. C. Denson,* for Appellant.

*G. P. Harding, J. W. Goin,* and *R. Clark,* for Respondents.

The Court.—The court below found: "The court finds that the several allegations of said complaint *not in conflict* with the foregoing findings are true."

We are not informed which of the other findings were, in the opinion of the court below, in conflict with the findings referred to as the "foregoing findings."

In *Harlan* v. *Ely,* 55 Cal. 340, a finding "all and singular the allegations of the amended answer are untrue, except so far as the same accord with the foregoing facts," was held insufficient. This court there said: "The court below should have assumed the labor of comparing the allegations of the answer with the facts by it found; as it is, we are not informed which of the allegations of the answer were, in the opinion of the court below, true, which untrue. We cannot assume the function of determining for the first time the truth or falsity of any of them, either by reference to the testimony, or to the facts actually found."

The finding here is subject to a like objection, and on the authority of *Harlan* v. *Ely* the judgment and order should be reversed.

Judgment and order reversed, and cause remanded for a new trial.

THORNTON, J., concurring. — I concur in the judgment.

The findings in this cause are as follows:—

"The court finds that it is untrue, —

"That O. E. Parker and W. H. Troop ever agreed to an equal division of that portion of lot or block No. 2 of William Gordon's subdivision of rancho Cañada de Capay, lying within said rancho, by a line drawn in the center thereof so as to divide said tract into two equal parts, or that they ever employed a surveyor for that purpose, or caused any survey for such purpose to be made, or that they or either of them executed or delivered any deed or deeds for such purpose.

"That it is not true that the deed from O. E. Parker to W. H. Troop was made through or in consequence of mutual or other mistake by said Parker or Troop, or that it describes or conveys any property not intended by said Troop and Parker to be conveyed thereby, or that it was intended to convey any property not described therein.

"That it is not true that the deed from W. H. Troop to O. E. Parker was made through or in consequence of mutual or other mistake of said Parker or Troop, or that it describes or conveys any property not intended by said Troop and Parker to be conveyed thereby, or that it was intended to convey any property not described therein.

"It is not true that said Troop and Parker erected a partition fence upon the line described in the complaint as a partition line between, or that they ever established such partition line.

"It is not true, as alleged in the complaint, that W. H. Troop entered in the sole possession of that portion of the tract of land described in the complaint as lying south of the partition line described in the complaint.

"It is not true that, as alleged in said complaint, said Troop ever bargained or sold to plaintiff the southerly half lot or block as contained in the rancho Cañada de Capay, or any lands except such as are described in the deed made by W. H. Troop to plaintiff on February 13, 1877; or that any land was intended by said Troop or plaintiff to be conveyed by said deed which is not conveyed thereby; nor is any land omitted from said deed which was intended by the parties thereto to be conveyed thereby, nor was there any mutual or other mistake made in the execution or delivery of said deed; nor did plaintiff enter into possession of any land other than that described in and conveyed by said deed.

"It is not true that the deed alleged in the complaint to have been made by O. E. Parker to H. M. Griswold was not made in exact accordance with the intentions of said Parker and Griswold.

"It is not true that the plaintiff is the owner of any land described in the complaint, in equity or otherwise, except the land conveyed to him by deed from W. H. Troop, as alleged in said complaint; but it is true that O. E. Parker is the owner of all the land described in and conveyed to him by deed of W. H. Troop, as alleged in the complaint, and as afterwards reconveyed to him by deed of H. M. Griswold; and it is untrue that the last-mentioned deed was made by, through, or in consequence of any mutual or other mistake of the parties thereto, or that it is not in form as intended by the parties thereto.

"The court finds that the several allegations of said complaint not in conflict with the foregoing findings are true.

"That all and singular the allegations of defendant's answer to the said complaint are true, except the allegation that by the judgment described therein was determined and adjudged all the matters at issue in this action, which is not true; nor is it true that any of the matters

in issue in this action were by said judgment determined or adjudicated.

" That the references in these findings to the deeds mentioned is made to the effect of said deeds, as described in said complaint.

" As conclusions of law, the court finds that the defendants are entitled to recover judgments for costs."

The court finds that several matters are not true, and then proceeds to find that the several allegations of said complaint not in conflict with the foregoing findings are true.

This is not in accordance with the statute (Code Civ. Proc., sec. 632), which requires the court below to find facts. Such duty is not imposed on this court. The court below must find the facts and place them in its decision, so that this court may see, when an appeal is taken, what facts the lower court has found, and whether the correct judgment has been pronounced on them.

This court is not called on to determine what allegation of a complaint are not in conflict with certain matters found not to be true.

Moreover, the court below has not performed its duty when it finds certain matters not to be true. Such a finding does not fix or determine a fact, but finds that something is not a fact, but the opposite, — that it is false.

The statute devolves on the lower court the labor and duty of finding facts. This such court cannot turn over to this court, or any other tribunal or person. The parties litigant have a right, a substantial right, to have the facts found by the court *a qua*. They have a right, secured to them by the statute, to have the judgment of that court as to the facts found to exist.

The finding of the judgment set up by defendant is totally insufficient. The judgment should be found *in hæc verba* or in substance, and the issues determined by it, so that on appeal this court can see what was deter-

mined by such judgment, and how far it had determined the matters in issue in this action.

The judgment and order are properly reversed, and the cause goes back, that the court below may itself find the facts.