[No. 11086.   Department One. — May 14, 1888.]

C. LEEKE, RESPONDENT, *v.* CAROLINE E. HANCOCK, ADMINISTRATRIX ETC. OF C. H. HANCOCK, DECEASED, APPELLANT.

PROMISSORY NOTE — ACCOMMODATION INDORSER — LIABILITY TO SUBSEQUENT INDORSER. — An accommodation indorser of a promissory note may, by agreement between himself and a subsequent indorser, render himself liable to the latter as an actual indorser for value.

ID. — PAYMENT BY SECOND INDORSER — ACTION FOR MONEY LAID OUT AND EXPENDED. — Where a subsequent indorser of a promissory note pays the same or a part thereof, he may recover from a prior indorser the

amount paid as so much money paid, laid out, and expended for the benefit of the prior indorser.

PLEADING — COMMON COUNTS STATING SAME CAUSE OF ACTION — FINDINGS. — Where a complaint framed in accordance with the common counts clearly indicates that the same cause of action was stated in each count, findings for the plaintiff on one of the counts, without findings on the others, are sufficient to support a judgment in his favor.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to recover moneys alleged to have been laid out and expended by the plaintiff for the use and benefit of the defendant, and at his request. The facts which the plaintiff relied on as creating the liability are as follows: On the 13th of January, 1882, one A. E. Buckman, being desirous of borrowing money from the plaintiff, applied to him for that purpose. The plaintiff refused the loan, unless security were given. Buckman thereupon brought to the plaintiff a promissory note for $950, running sixty days, payable to and indorsed by C. H. Hancock. The plaintiff took the note to a bank, and after indorsing it himself, obtained the money thereon. Upon the maturity of the note, Buckman brought the plaintiff a $450 note, payable thirty days after date to and indorsed by Hancock, as part payment of the first note. The plaintiff took this note to the bank, indorsed it himself, and with it took up the $950 note, paying in cash the sum of $500, the difference between the amounts of the notes, and $19 accrued interest. Upon the maturity of the second note, Buckman brought another note of $450 to the plaintiff, which was also payable to and indorsed by Hancock. This note the plaintiff took to the bank, indorsed it, and with it took up the second note, paying at the time $4.50 as interest. Upon the maturity of the last note, the plaintiff paid it, with fifty-four dollars interest. Judgment was rendered in favor of the plaintiff, from which, and from an order

refusing him a new trial, Hancock appealed. On the 30th of April, 1888, the following opinion was rendered, affirming the judgment and order of the lower court. The supreme court subsequently vacated its judgment, on the ground that the appellant had died pending the appeal, and the judgment had inadvertently been rendered before the substitution of his personal representative. In pursuance of a stipulation of the parties, the administratrix of the appellant's estate was substituted in his place, and on the 14th of May, 1888, the judgment and order were affirmed, for the reasons given in the opinion of the 30th of April. The further facts are stated in the opinion of the court.

*O'Brien & Morrison*, and *W. A. S. Nicholson*, for Appellant.

*Nagle & Nagle*, for Respondent.

McKINSTRY, J.—If the moneys paid by the plaintiff on taking up the notes made by Buckman were paid out of funds of the maker in the hands of plaintiff, the payments were in effect payments by the maker of the note. But there is at least a substantial conflict in the evidence with respect to the issue as to whether the plaintiff did pay the notes out of funds of the maker in his hands, or whether he promised to pay them out of funds of the maker dedicated to that purpose.

As between themselves, the defendant was an accommodation indorser for Buckman, the maker. But there is nothing on the face of the notes to indicate that relation, and there is evidence that as to plaintiff, it was understood that the defendant should be bound in the character in which he assumed to act. Even if the plaintiff, indorsee, and subsequent indorser knew that, as between themselves, the defendant indorsed the note for the accommodation of Buckman, he could still hold him as indorser if he consented to receive them only in case

LXXVI. CAL.—9

the defendant should bind himself to plaintiff as indorser.

One of the two joint makers of a note may be a surety only, as between himself and his co-promisor, and yet, as to the payee, his apparent and real character be that of principal. (*Harlan* v. *Ely*, 55 Cal. 340; *Chase* v. *Evoy*, 58 Cal. 353; *Farmers' Nat. G. B.* v. *Stover*, 60 Cal. 387.)

Section 2832 of the Civil Code does not prohibit the apparent maker in such case from agreeing that he shall be bound as maker, and there is no principle which will render nugatory the actual and apparent contract of an indorser.

The complaint was upon the "common counts" for money paid, laid out, and expended, for money lent, and for money had and received; each count being separately stated. The prayer was for the sum alleged in each count to be due upon the cause of action therein stated, to wit, $1,027.50.

The court found that the plaintiff paid, laid out, and expended for the use and benefit of the defendant $1,027.50.

The court failed to find upon the issues made by the averments of the other counts of the complaint and the denials thereof.

The finding and judgment upon the first count must be held to be a finding and judgment against the plaintiff upon the other counts. Clearly in ordinary cases there must be a distinct finding upon each material issue. But in a case like the present the prayer may be referred to as illustrating the scope of the action, and here the prayer clearly indicates that the counts are in the alternative,—the same cause of action being stated in different forms. If such practice seems not to accord with the methods prescribed by the Code of Civil Procedure, the apparent anomaly arises from the fact that the common counts have been allowed. But the right to rely upon them has been settled by the earlier decisions

in this state, which, even if we were inclined to do so, we are not authorized to disregard. (*Freeborn* v. *Glazer*, 10 Cal. 337; *De Witt* v. *Porter*, 13 Cal. 171; *Buckingham* v. *Waters*, 14 Cal. 146.)

Where a subsequent indorser has paid the whole note, or a part of it, he may recover from a prior indorser the amount paid as so much money paid, laid out, and expended. (*Butler* v. *Wright*, 20 Johns. 367; *Baker* v. *Martin*, 3 Barb. 634; Pomeroy's Smith on Mercantile Law, 327, note 3.)

Judgment and order affirmed.

SEARLS, C. J., and PATERSON, J., concurred.