91  231
114  626
91  231
146  523

[No. 14405.   Department Two. — September 16, 1891.]

## CHARLES KIESSIG, RESPONDENT, v. A. M. ALLSPAUGH ET AL., DEFENDANTS.  N. P. LUNDEEN, APPELLANT.

MECHANICS' LIENS — CONTRACTOR'S BOND — INDEMNITY AGAINST LIENS — FAILURE OF OWNER TO RETAIN SPECIAL FUND — DISCHARGE OF SURE-TIES. — Where a contractor gave bond to the owner of a building to indemnify him against any claims or liens for material or labor, which bond referred to the original contract as the inducement or consideration for its execution, and by the terms of the building contract the owner was authorized to retain one fourth of the contract price until final settlement between the parties as additional security against liens upon the building, the sureties on the contractor's bond have a right to look to such additional security as a special fund for their indemnity, and it is the duty of the owner to apply it in payment of liens instead of paying it to the contractor; and if he discharges liens after having paid to the contractor the full contract price, the sureties on the contractor's bond are discharged, and are not liable for the amount of such liens paid in excess of the contract price without their knowledge or consent.

PRINCIPAL AND SURETY — DISCHARGE OF SURETY — REPAYMENT OF FUND TO PRINCIPAL. — Where a principal has left a sufficient fund in the hands of the obligee to meet the obligation, and instead of retaining it in his hands he pays it back to the principal, the surety is discharged from liability.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Parish, Mossholder & Lewis*, for Appellant.

*Carl Schutze*, for Respondent.

DE HAVEN, J.—The defendant Lundeen was a surety for his co-defendants, Allspaugh and Hall, upon a bond executed to plaintiff to indemnify an'd save him harmless against any claims or liens for material or labor used or employed by his principals in the construction of a building which they had theretofore contracted to erect for plaintiff. The contract price for the construction of the building was eight thousand dollars, and by the terms of the building contract the plaintiff was authorized to retain one fourth of that sum in his hands until final settlement between the parties thereto. The complaint alleges "that after the time said house had been finished, and when final settlement was made as per contract aforesaid, there were good and valid claims and demands and liens for material and labor expended and used in the building, construction, and finishing said house, in excess of the contract price of said building, to the amount of $1,817.25"; and that by reason of the failure of the contractors to discharge them the plaintiff was compelled to pay the same after having paid the full contract price for the house.

This action is brought against the principals and sureties on the bond referred to, to recover the amount so paid by plaintiff. The plaintiff recovered judgment in the superior court, and from that judgment the defendant Lundeen prosecutes this appeal.

The judgment cannot be sustained upon the facts. The appellant, Lundeen, was a surety, and as money sufficient to satisfy all of the liens mentioned in the complaint was, or ought to have been, in the hands of the plaintiff at the time of his settlement with the contractors, he should have so applied it, instead of paying it to the contractors. This balance was to be retained in his hands as an additional security against liens upon the building, and, in equity, he held the same also for the benefit of the sureties. It was a special fund to which they had a right to look for their indemnity, and in view of which it must be supposed that they assumed

the obligation of sureties, as the original contract is referred to in the bond as the inducement or consideration for its execution, and the plaintiff was not authorized to surrender it without their knowledge or consent; and having done so, the appellant was discharged. (*Bragg* v. *Shain*, 49 Cal. 131; *Taylor* v. *Jeter*, 23 Mo. 244.)

In this latter case the court used this language: "The contract duty of this builder was to furnish the materials and do the labor, and he failed in both respects when he allowed the building to be encumbered with these liens. The owner having notice of them, and paying what, by the substantial terms of the contract, he was entitled to retain until they were removed, voluntarily abandoned an ample fund, which, according to the conditions of the contract, was to accumulate in his own hands as the primary security for its due performance, and in which the surety had an equal interest with himself. He must therefore bear the loss occasioned by his own negligence or folly."

This is an elementary rule of law governing the relation of principal and surety, and is thus stated by the master of the rolls in *Law* v. *East India Company*, 4 Ves. 829: "It cannot be contended, upon any principle that prevails with regard to principal and surety, that when the principal has left a sufficient fund in the hands of the obligee, and he thinks fit, instead of retaining *it in his* hands, to pay it back to the principal, the surety can be called upon."

The failure of the plaintiff to retain this balance, or to apply it for the satisfaction of the obligation for which the appellant was surety, does not present the case of a mere neglect upon the part of a creditor to insist upon a set-off in his favor arising out of some other transaction, before paying what might be due on a particular contract, but was the neglect to resort to a fund already in his hands for his own protection in the very matter for which the defendant was a surety, and which fund was therefore charged with a trust in favor of appellant, and

its surrender without his consent constitutes a defense to this action.

Judgment reversed as to appellant Lundeen.

McFARLAND, J., and SHARPSTEIN, J., concurred.