[Sac. No. 46.  In Bank.—October 28, 1896.]

J. EPPINGER ET AL., PLAINTIFFS, *v.* J. K. KENDRICK, RESPONDENT.

PROMISSORY NOTES—PLEADING—COMMINGLING OF SPECIAL DEFENSES—JUDG-
MENT UPON PLEADINGS—OBJECTION TO EVIDENCE.—Where two sufficient
special defenses to an action upon promissory notes which should have
been separately stated are improperly commingled, but no objection is
taken on that ground either by motion to require them to be separately
stated, or by demurrer for ambiguity or uncertainty, a motion for judg-
ment upon the pleadings should be denied, without reference to the
sufficiency of the denials of the answer, and an objection to evidence
upon the ground that the answer does not state facts sufficient to con-
stitute a defense is properly overruled.

ID.—INCONSISTENT DEFENSES.—An answer may present inconsistent de-
fenses, or plead a defense hypothetically.

ID.—ACCOMMODATION FOR PLAINTIFF—DISCHARGE OF SURETY BY MISAPPLI-
CATION OF PAYMENT — RENEWAL NOTES—INSTRUCTIONS.—Where the
answer to a complaint upon promissory notes pleaded that the defend-
ant did not sign the notes as surety for the other joint maker, but for
the accommodation of the plaintiffs, to enable them to raise money upon
them as collateral, and also that, if he were liable as surety, the princi-
pal maker put in plaintiffs' hands sufficient wheat to pay the original
note, of which the notes in suit were a renewal, and directed that the pro-
ceeds be applied in payment of that note, and plaintiffs did not so apply
such proceeds, but applied them to an open account, and that defendant

did not consent to such misapplication, nor know of the transaction when he signed the renewal notes, an instruction based upon the latter defense is not subject to the objection that defendant cannot avail himself of the rights of a surety, because of having averred that he was not a surety.

ID.—RIGHT OF JOINT MAKER TO PROVE SURETYSHIP.—Where the plaintiffs have not acted upon the faith of the apparent character of a joint maker of a note as being a principal, such joint maker may, under section 2832 of the Civil Code, show that he is in fact a surety, and may claim the rights of a surety, as against the payee of the note.

ID.—APPLICATION OF PAYMENTS—MISAPPLICATION—EFFECT UPON SURETY. As between the debtor and creditor, a fund placed in the hands of the creditor must be applied as directed by the debtor; and where the principal debtor directed that the proceeds of wheat be applied in payment of a note upon which defendant was a surety, the effect of a misapplication of it by the creditor to payment of an open account instead of the note was, so far as the surety was concerned, in effect a repayment of it into the hands of the principal debtor, which discharges the surety.

ID.—APPLICABILITY OF INSTRUCTION—SUFFICIENCY OF EVIDENCE—SUPPORT OF VERDICT.—Where there is some evidence to which a proper instruction is applicable, it may be given; and, although the evidence may not be sufficient to sustain the defense to which the instruction applies, the judgment will not be reversed upon that ground, if the evidence under another defense is sufficient to sustain the verdict.

APPEAL from a judgment of the Superior Court of Glenn County and from an order denying a new trial. S. MILLINGTON, Judge.

The facts are stated in the opinion.

*Ben. F. Geis, K. E. Kelley,* and *Platt & Bayne,* for Appellants.

Kendrick is, for the purposes of this case, either a mere accommodation maker, with no liability to pay plaintiffs, or he is a joint maker of the notes, with the same liability to pay as rests upon Farnham himself, and the fact that plaintiffs knew that, as between themselves, he was in fact surety for Farnham, does not affect or limit his liability to pay the plaintiffs. (*Shriver* v. *Lovejoy,* 32 Cal. 574; *Chase* v. *Evoy,* 58 Cal. 353; *Farmers' etc. Bank* v. *Stover,* 60 Cal. 391, 392; *Leeke* v. *Hancock,* 76 Cal. 129, 130.) The transaction mentioned in the special answer in regard to the wheat was wholly in-

sufficient as a defense under the allegation of the answer, and was not a transaction in which the law of application of payments would apply. (Civ. Code, secs. 1478, 1479, 1521.) The verdict is not sustained by any evidence in the case. There is no conflict in the evidence at all, for where there is any evidence in support of the verdict it is so inconsistent in itself, and so improbable, that the court cannot consider it. (Hayne on New Trial and Appeal, 862–67; *Bernal* v. *Wade*, 46 Cal. 666.) The fourth instruction given by the court is entirely wrong. (*Shriver* v. *Lovejoy, supra; Damon* v. *Pardow*, 34 Cal. 280; *Harlan* v. *Ely*, 55 Cal. 343; *Leeke* v. *Hancock, supra.*) Suretyship, to be availed of as a defense, must be pleaded and proven. Not only is it not pleaded here, but the special answer expressly denies that Kendrick was in any event to be required by plaintiff to pay, or that he signed as surety for M. P. Farnham. (*Farmers' etc. Bank* v. *Stover, supra.*)

*Hurst & Hurst*, and *Charles L. Donohoe*, for Respondent.

Even if Kendrick was surety for Farnham, he would be discharged from liability as such if Farnham thereafter placed in plaintiff's hands the means of satisfying the indebtedness, with the request so to apply, and plaintiff failed to make the application. (*Hayes* v. *Josephi*, 26 Cal. 535; *Curiac* v. *Packard*, 29 Cal. 199; *Hawley* v. *McCredy*, 54 Cal. 388; *Kiessig* v. *Allspaugh*, 91 Cal. 231; *Capital Sav. Bank* v. *Reel*, 62 Cal. 419; *Coghlin* v. *May*, 17 Cal. 515.) The payment as set up in the answer may properly be proved, under the general denial. (*Frisch* v. *Caler*, 21 Cal. 71; *Davanay* v. *Eggenhoff*, 43 Cal. 395; *Wetmore* v. *San Francisco*, 44 Cal. 300.) No demurrer was interposed to the answer; its denials and allegations were treated as sufficient, and, after introducing evidence in support of his complaint, plaintiff cannot object that the denials are insufficient. (*Tynan* v. *Walker*, 35 Cal. 645; 95 Am. Dec. 152; *Cave* v. *Crafts*, 53 Cal. 135, 141.)

HAYNES, C.—This action was brought against M. P. Farnham and J. K. Kendrick upon two promissory notes, each dated August 19, 1891, payable one day after date, one for two thousand dollars and the other for eight hundred dollars, to the order of Eppinger & Co., upon which there was claimed to remain unpaid eleven hundred and nineteen dollars and four cents and interest. Farnham, having been adjudged an insolvent debtor, did not answer, and the action proceeded against Kendrick alone, whose answer consisted of a general denial and a special defense, in which it was alleged that on September 12, 1887, Farnham was indebted to the plaintiffs in the sum of about six thousand dollars, and at the request of Oscar C. Schultz, manager and agent for said plaintiffs in their mercantile business at Germantown, he (Kendrick) executed with Farnham a promissory note for two thousand dollars, payable to the order of the plaintiffs one day after date, with interest at the rate of one per cent per month; that he executed the same upon the representation of said Schultz that plaintiffs needed money, that Farnham's note was not good as collateral security, and that his (Kendrick's) name would be used for no other purpose than to make the note good as collateral security at the bank, and that the notes in suit were given in renewal thereof; that he did not execute any of the notes at the request of Farnham, and that as to him they were without consideration. It was also alleged that in 1890 Farnham delivered to plaintiffs a quantity of wheat sufficient to have paid said note, with the request that it should be applied thereon, but that Schultz said that he wanted to use the note longer, and he would see Kendrick and obtain his consent, but did not do so; that he received no consideration for the execution of any of the notes, and that Farnham did not request him to execute them.

. The jury returned a verdict for the defendant, and this appeal is from the judgment entered thereon and from an order denying a new trial. Plaintiffs' motion

for judgment on the pleadings was properly denied. Whether the general denial was sufficient to prevent judgment in the absence of proof need not be considered.

Plaintiffs also objected to evidence under the special defense upon the ground that it does not state facts sufficient to constitute a defense. The special defense, so called, really contains two special defenses: 1. That defendant was not Farnham's surety,but joined in the execution of the notes for the accommodation of the plaintiffs, to enable them to raise money upon them as collateral; and 2. That, if he were liable as surety, the principal maker had put in plaintiffs' hands sufficient wheat to pay them, and directed that the proceeds be applied upon the original note, and that they did not so supply it. These defenses should have been separately pleaded; but no objection was taken by motion to require them to be separately stated, nor by special demurrer for ambiguity or uncertainty. Though defectively pleaded, the answer stated a defense, and the objection to evidence upon that ground was properly overruled.

Appellants specify the fourth instruction given at defendant's request as erroneous. This instruction is to the effect that, if the jury believe from the evidence that Kendrick was in fact a surety for Farnham upon the original note, yet if they further believe that before the renewal of the original note Farnham placed in plaintiff's hands a quantity of wheat sufficient to pay said original note, and requested plaintiff to sell the same for that purpose and apply it on said note, but that they failed to do so, and without Kendrick's consent applied the proceeds to other uses, and that Kendrick did not consent to such application to other uses, and did not know of Farnham's said request at the time he signed the renewal notes, they must find for the defendant.

We see no error in this instruction. Appellants' contention that the defendant cannot avail himself of the rights of a surety because he averred in his special defense that he was not a surety, has already been noticed.

Two special defenses were pleaded, in one of which he denied that he was a surety, and the other alleged the delivery of the wheat by Farnham, with direction to apply the proceeds to the payment of the two thousand .dollar note. In the second special defense there is an. implied admission that he executed the note as surety. That inconsistent defenses and hypothetical pleadings are permitted, see *Bell* v. *Brown,* 22 Cal. 679, *et seq.*

Upon the face of each of the notes Kendrick, it is true, appeared to be a joint maker, and therefore a principal. "One who appears to be a principal, whether by the terms of a written instrument or otherwise, may show that he is in fact a surety, except as against persons who have acted on the faith of his apparent character of principal." (Civ. Code, sec. 2832.) It is not pretended that plaintiffs acted upon the faith of Kendrick being a principal. The testimony of Mr. Schultz shows the contrary. "If they had agreed to take him as surety they could only have held him as such, although he appeared as principal upon the written instrument." (*Harlan* v. *Ely,* 55 Cal. 340.)

There was evidence tending to prove that when Farnham deposited the wheat with plaintiffs he directed that they should sell it and apply the proceeds to the payment of the two thousand dollar note, and that Schultz replied in substance that they would like to use the note longer, and he would see Kendrick and get his consent. This he failed to do. The question is, therefore, whether as against Kendrick, assuming that he was bound to plaintiffs as surety, they could apply the wheat or its proceeds to Farnham's open account, and hold Kendrick for the payment of the note.

As between the plaintiffs and Farnham there is no question that it must be applied as directed by the debtor (Civ. Code, sec. 1479, subd. 1), and "A surety is entitled to the benefit of every security for the performance of the principal obligation held by the creditor, or by a cosurety, at the time of entering into the contract of suretyship, or acquired by him afterward, whether

the surety was aware of the security or not." (Civ. Code, sec. 2849.) In *Law* v. *East India Co.*, 4 Ves. 829, it was said: " It cannot be contended, upon any principle that prevails with regard to principal and surety, that when the principal has left a sufficient fund in the hands of the obligee, and he thinks fit, instead of retaining it in his hands, to pay it back to the principal, the surety can be called upon." Here, the effect of applying the wheat or its proceeds to the payment of the open account instead of the note was, so far as Kendrick is concerned, a repayment of the fund thus provided back into the hands of Farnham. The same principle is applied in *Bragg* v. *Shain*, 49 Cal. 131; *Kiessig* v. *Allspaugh*, 91 Cal. 231; *Montgomery* v. *Sayre*, 100 Cal. 182; 38 Am. St. Rep. 271; and *Clarke* v. *Scott*, 45 Cal. 86.

Appellants cite *Shriver* v. *Lovejoy*, 32 Cal. 575, where it was held that: "All the makers of a joint and several promissory note, whatever may be their true relations between themselves, stand, as to the payee, as principals. . . . . As he (a defendant who was in fact a surety) was not entitled to show that he was not a principal, but that, as between himself and Lovejoy & Company, he was merely their surety, he had no better right than Lovejoy to complain of the release of the attachment."

In that case property of Lovejoy, who was claimed to be the real debtor, was released by the plaintiff. Two of the justices (Shafter and Sawyer) concurred in· the judgment on the ground that the court below found, upon sufficient evidence, that Grandvoinet was not a surety, but a principal party to the note. But whether the opinion of the majority was right or wrong is immaterial now. That case was decided before the code, and, as we have seen, section 2832 of the Civil Code expressly authorizes one who appears on the face of the instrument to be a principal to show that he is in fact a surety; and, besides, a distinction may well be taken between the release of property seized by the creditor in an adversary proceeding, and property or money placed in the hands of the creditor by the

debtor for the protection of his surety, inasmuch as the creditor has no right to apply it to any other purpose than that to which the debtor directs, where such direction is given.

*Damon* v. *Pardow*, 34 Cal. 278, was also decided before the code, and, as to the inability of a joint maker to show that he was in fact a surety, followed *Shriver* v. *Lovejoy, supra;* and it was further held that appellant Waters, who claimed to be a surety, could not show that Pardow deposited with the payee collaterals to secure the payment of the note, which he did not sell and apply in satisfaction of the note, but still held the same, and that it became of little value. But sections 2840, subdivision 2, and 2849 of the Civil Code, have changed the rule laid down in the case last cited. Whether, under these sections, a release by the creditor of attached property belonging to the principal debtor would operate as a release of the surety, *pro tanto*, need not be decided.

There is nothing inconsistent with the views we have expressed, in *Harlan* v. *Ely, supra*, or in *Leeke* v. *Hancock*, 76 Cal. 127. In the first of these cases the court quoted section 2832 of the Civil Code and said: " The section of the Civil Code relates to a class of cases in which the apparent differs from the real character of a contracting party. But one may be a surety merely, as between himself and his copromisor, and yet, as to the creditor, both his apparent and actual relation be that of principal. . . . . It would be strange if one could not waive his right to be treated as surety, and agree that he should be bound as upon his unconditional promise." *Leeke* v. *Hancock, supra*, follows and cites *Harlan* v. *Ely, supra*.

As there was at least some evidence to which the instruction was applicable, the instruction itself being right, this point must be ruled against appellant; for if it be conceded that the evidence was insufficient to sustain this defense, the evidence under the other defense

being sufficient to sustain the verdict, the judgment cannot be reversed.

We advise that the judgment and order appealed from be affirmed.

VANCLIEF, C., and BRITT, C.; concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

GAROUTTE, J.,     TEMPLE, J.,
McFARLAND, J.   HARRISON, J.,
HENSHAW, J.