[Civ. No. 225.  Second Appellate District.—May 31, 1906.]

## NATIONAL BANK OF COMMERCE OF SAN DIEGO, Respondent, v. J. S. SCHIRM, Appellant, and R. M. POWERS, Codefendant.

PROMISSORY NOTES—COLLATERAL SECURITY FOR CONTRACTOR—PRIN-
CIPAL AND SURETY—AGENCY—PAROL EVIDENCE.—Where a note
sued upon appears upon its face to be collateral security for an-
other note of even date, and of the same amount, and in similar
terms, signed by a contractor for whom the defendants were sureties
upon his bond as such, and which was given for money borrowed
to complete the contract, it was error to exclude parol evidence
to show that the contractor was the principal debtor, and that the
defendant appealing was his surety, and that the codefendant acted
as agent of respondent bank in effecting the loan to the con-
tractor.

ID.—DECLARATIONS OF AGENT.—Where the admitted testimony tended
strongly to support the agency of the codefendant for the plaintiff
bank, of which he was vice-president and a director, in effecting
the loan to the contractor, declarations of such codefendant, and
conversations with him bearing on the issue, were proper to be
considered by the jury, and should have been admitted.

ID.—ASSIGNMENT OF CHECKS BY CONTRACTOR TO CODEFENDANT—AP-
PLICATION OF PROCEEDS—EVIDENCE.—Where the contractor assigned
his ''monthly checks'' to become due on the contract to said co-
defendant, and turned over to him also a government check for the
last payment on the contract, evidence was competent to show the
contractor's directions as to the application of the proceeds of the
last check to the note for which the note in suit was given, as col-
lateral, and also to show that it was in fact applied to a smaller
note of the same date signed by appellant, which was canceled.

ID.—CONSTRUCTION OF COLLATERAL NOTE—CONDITIONAL PAYMENT—
BENEFIT OF SECURITIES.—The absolute promise of the note in suit,
being expressly qualified by the express terms that it was as col-
lateral for a note of the contractor of even date, can be construed
only as meaning that the promise was made as security for that
note, and therefore conditioned upon the nonpayment, and upon
this construction appellant would be entitled to the benefit of the
securities therefor.

ID.—CHECKS ASSIGNED BY CONTRACTOR AS SURETY—RIGHT OF APPEL-
LANT TO BENEFIT OF PROCEEDS.—The checks having been assigned

by the contractor to the codefendant as surety for the advances received, the appellant, as matter of law, was entitled to the benefit of the securities, so assigned; and the proceeds received from the last check should have been applied either to the payment of the note collaterally secured, as contended by appellant, or to that note and all of the notes previously given, or to all of the notes held by the bank *pro rata;* and it was error, in any view of the case, to exclude notes of the same date as the note in suit, signed by the appellant, from the benefit of such payment.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Powers & Holland, for Appellant.

Hendrick, Wright & Schoonover, for Respondent.

SMITH, J.—Appeal by the defendant Schirm from a judgment against the defendants, and from an order denying his motion for a new trial.

The suit was brought upon the instrument set out in the complaint, made by the defendants to the plaintiff, which is in the ordinary form of a negotiable promissory note, with exception that at the end thereof, and before the signatures, it is added: "Collateral for S. Bryan note. Note 58." The note of Bryan thus referred to, which was of. even date, was for the same amount and in similar terms. Bryan, the maker of the note, was a contractor with the United States government for the erection of government buildings at Ft. Rosecrans in the county of San Diego under several contracts, and the defendants had become sureties on his bond to the government on the first contract, and perhaps on the other contracts. From the facts disclosed in the evidence, it is to be inferred that it was contemplated that advances of money should be received by Bryan from the plaintiff, either directly or as loans to Powers, for the purpose of paying the amounts to become due to employees and others in the prosecution of the work; and Bryan had, prior to the date of the transaction in question, made an assignment to Powers "of

the monthly checks'' to become due to him from the government, presumably to secure these amounts. Whether the assignment included also the check to be given on the completion of the work does not clearly appear from the evidence. But this check, which was for the sum of $14,860, was received by him.

There was evidence tending to prove that in the transaction in question, Powers, who was vice-president and a director of the plaintiff, acted as its agent in the transaction involved, and that it was at the time understood and agreed that the government check given on the completion of the work was to be paid on the note referred to in the instrument sued upon; and also evidence—though not altogether satisfactory—that upon the payment of this amount to the bank Bryan directed it to be applied on this note. There was other evidence also offered to establish these points, which was excluded by the court.

The $14,860 check was paid into the bank on June 14, 1904, at which time the bank held the following notes of Bryan: Two notes to Powers of date October 13, 1903, the one for $3,000 and the other for $6,000, indorsed by Powers February 11, 1904; the note of Bryan referred to in the instrument sued on for the sum of $15,000, of date April 12, 1904, and another note of the same date, indorsed or otherwise signed by the defendant Schirm, for the sum of $1,200; a note of $3,000 of date August 14, 1903, to Powers, indorsed by him February 11, 1904; a note of $1,200 to the bank of date June 6, 1904; and a note of $1,000 to the bank of date June 11, 1904. When the government check was paid to the bank the proceeds were applied by the cashier upon the above notes in the order stated, with exception of the $15,000 note and the last note for $1,200, and the notes themselves were marked as canceled and delivered up to Bryan. But after this had occurred, Powers, having come up and looked over the notes, told the cashier that he had canceled the wrong $1,200 note, and, thereupon, at his suggestion, and, perhaps, with the concurrence of Bryan, the cancellation of the first of the $1,200 notes was obliterated and the later note for that amount marked canceled.

At the close of the evidence, on motion of the plaintiff, ''all of the testimony in relation to suretyship and agency, and

the paying of the money was stricken out, and the jury [instructed] not to consider it.'' The jury were then instructed in effect, to return a verdict for the plaintiff for the amount specified in the instrument sued upon, with interest, less a credit appearing thereon; and the verdict having been returned accordingly, the judgment was thereon entered for the plaintiff.

Upon the record thus presented, we are of the opinion that all of the propositions involved in the instructions of the court, and in its rulings in striking out the evidence, are untenable.

The ruling of the court on the question of suretyship was, in effect, that the instrument sued upon was in its terms a promissory note, made by the defendants as principals, and that evidence was inadmissible to vary its effect. But under the provisions of our code and the decisions bearing thereon, it is the established law of this state that parol evidence is admissible by the maker of an instrument, who appears by its terms to be a principal, to show that he is in fact a surety, ''except as against persons who have acted on the faith of his apparent character of principal.'' (Civ. Code, sec. 2832; *Harlan* v. *Ely,* 55 Cal. 340; *Farmers' Nat. Gold Bank* v. *Stover,* 60 Cal. 387; *Leeke* v. *Hancock,* 76 Cal. 130, [17 Pac. 937]; *California Nat. Bank* v. *Ginty,* 108 Cal. 150, [41 Pac. 38]; *Eppinger* v. *Kendrick,* 114 Cal. 624, [46 Pac. 613].) In the present case, it is not altogether clear that the so-called note, on its face, can be construed otherwise than as a contract of surety; but whether this be the case or not, the evidence stricken out and other evidence was competent to establish that this was the case, and should have been admitted.

As to the question of agency, we see nothing in the relation of the defendant, Powers, to the bank inconsistent with his occupying, in relation to the appellant, the position of agent for the plaintiff; and it was, therefore, error to exclude testimony upon this point, or to strike out the testimony that had been admitted. The admitted testimony, indeed, tended strongly to support the appellant's contention, and declarations of the defendant, Powers, and conversations with him bearing upon this issue were, therefore, proper to be considered by the jury and should have been admitted.

The evidence of Bryan's directions as to the application of the proceeds of the last government check was also competent and should not have been stricken out. The evidence, so far as it related to the application of those proceeds exclusively to Bryan's $15,000 note, is not altogether satisfactory, but still it was admissible. Besides, the evidence shows without contradiction that part of the proceeds of the check in question were in fact applied by the cashier to the payment of the first of the $1,200 notes above specified, and that note canceled; and this fact was certainly admissible.

Finally, even after the exclusion of all the evidence upon the above points, the plaintiff was not entitled, as a matter of law, to a verdict in his favor, at least, for the full amount of the note. The instrument sued upon, as we have said, is, we are strongly inclined to think, in terms, a contract of suretyship as defined in the code. (Civ. Code, sec. 2831.)

It, indeed, purports in some of its terms to be an absolute and unconditional promise to pay the amount specified; but this language is qualified by the express terms of the note, that it was given as "collateral" for the Bryan note of even date, which can be construed only as meaning that the promise was made as security for that note and was, therefore, conditional upon its nonpayment. It can hardly be doubted that this was the intention and understanding of the parties, or that the contract should be construed according to that intention. (Civ. Code, secs. 1636, 1642, 1648, 1650.) The case in this respect is not to be regarded as the same as the case of notes of third parties assigned as collateral security; for here the instrument sued on is but a part of the one original transaction, which can hardly be construed otherwise than as we have construed it. Hence, assuming this to be the true construction, the appellant would be entitled to the benefit of these securities. (Civ. Code, secs. 2819, 2849; 2 Parsons on Contracts, pp. 5, 6; *Eppinger* v. *Kendrick,* 114 Cal. 624, [46 Pac. 613].) But, however this may be, it is at least certain from the facts in evidence that the checks assigned to Powers by Bryan were assigned to him as surety, at least for his own advances; and it follows as matter of law that the appellant was entitled to the benefit of the securities thus held by him. (Civ. Code, sec. 2849.) The proceeds of the last check of the government, therefore, should

have been applied, either as contended for by the appellant, or to the Bryan note of April 12th and the notes previously given, or to all the notes held by the bank *pro rata;* and it was inadmissible, under any view of the case, to exclude the two notes of April 12th—that is, the note for $15,000 constituting part of the transaction involved in the present suit, and the note for $1,200 of the same date—from the benefit of the payment.

The judgment and order appealed from are reversed, and the cause remanded for a new trial.

Gray, P. J., and Allen, J., concurred.