[Civ. No. 6864. First Appellate District, Division One.—November 29, 1929.]

LYDIA BRANDES, Respondent, v. RUCKER–FULLER DESK COMPANY et al., Appellants.

Donahue, Hynes & Hamlin for Appellants.

Ford, Johnson & Bourquin and Ford & Johnson for Respondent.

KNIGHT, J.—Respondent brought this action to recover damages for personal injuries sustained as a result of being struck by an automobile driven by the appellant Manbert and belonging to his employer and coappellant Rucker-Fuller Desk Company. The trial took place before a jury and respondent was awarded a verdict. Judgment was entered accordingly and this appeal was taken therefrom. A reversal is sought upon the ground mainly that two instructions given at respondent's request were erroneous, appellants contending that thereby the jury was authorized to find against the Rucker-Fuller Desk Company on issues of negligence not raised by the pleadings and having no support whatever in the evidence.

The complaint alleged in substance that Manbert "so negligently and carelessly operated and controlled" the automobile as to cause it to leave the highway and to run along and upon the sidewalk and strike respondent, etc. The answer consisted merely of specific denials of the allegations of the complaint, no special or affirmative defenses being pleaded, and no claim being made at any time that respondent was at all negligent. The following were the undisputed facts adduced in support of the respondent's case: About 4 o'clock in the afternoon, Manbert, in the course of his employment as salesman for said company, was driving one of the latter's automobiles over and along a street in the city of Oakland, known as Park Boulevard, and while rounding a curve at a speed of between fifteen and twenty miles an hour the machine left the highway, jumped the curb, struck respondent, who was standing on the sidewalk in front of her garage, and continuing on dragged her along the sidewalk for about twenty feet and

then over and down an embankment for a distance of about fifty feet more, when the automobile came in contact with the stump of a tree and stopped. The curve on which the accident happened was constructed on a descending grade, and along the side of the highway near the commencement of the curve there was a large sign reading, ''Danger—Go Slow.'' From the time the machine started to leave the highway until it finally struck the stump of the tree it traveled approximately ninety feet.

In their exoneration appellants sought to prove that the proximate cause of the accident was the sudden breaking of the steering mechanism of the automobile. In this regard the driver testified that while rounding the curve the automobile suddenly became unmanageable in that it failed to respond to the turn of the steering-wheel; and his testimony was supplemented by evidence showing that after the accident the automobile, which admittedly had been in use nearly five years, was removed to a garage and disassembled, where it was discovered that the ''short shaft'' of the steering gear, which was an essential part thereof and controlled its operation, was broken; and expert testimony was introduced to prove that the ends of the broken shaft showed crystallization, that the shaft had been partially broken for some time and that the final break was brought about by either vibration or strain. Thereupon respondent endeavored to show on cross-examination of appellants' witnesses that if prior to the accident the steering shaft was, as claimed, in the dangerously defective condition described, then there was a failure on the part of appellants to exercise ordinary care in maintaining the automobile in a safe condition while operating the same upon and over the public streets. Appellants' witnesses insisted, however, that even though prior to the accident the shaft had been removed from the housing in which it was inclosed, and examined, neither its crystallized condition nor the crack therein would have been visible to the naked eye, but could have been discovered only by the use of a microscope or other scientific means. Furthermore, and aside from the question as to the real cause of the machine being unable to hold its course on the curve, respondent established by the testimony of the driver that at no time after realizing the

steering gear was inoperative, as he claimed, and before the machine struck respondent, did he make any effort to stop its progress by applying the brakes.

In the state of the record above set forth the court gave the two instructions in question. The first one read as follows: "It is not a complete defense for the defendant, Rucker-Fuller Desk Company, a corporation, to show merely that the automobile in question was caused to run on the sidewalk by reason of the breaking of some part or portion of the steering gear of its automobile by reason of which the driver lost the power to control the same. It was the duty of the Rucker-Fuller Desk Company to exercise reasonable care in ascertaining whether or not the automobile in question was in reasonably safe condition for its employees to use and if from the evidence in this case you believe that there was a failure upon the part of the Rucker-Fuller Desk Company, a corporation, to exercise this degree of care in maintaining its automobile, and that such failure, if any, proximately contributed to the happening of the accident, then and in that event the defendant Rucker-Fuller Desk Company, a corporation, would be responsible in damages to any person injured thereby." The second one was to the following effect: That the sole defense of the Rucker-Fuller Desk Company was that it was not negligent, no charge being made that respondent was negligent, and that therefore if the jury believed "from a preponderance of the evidence that either the Rucker-Fuller Desk Co. . . . or its employee . . . were in any manner negligent, even though it be only in the slightest degree," and that such negligence proximately contributed to the accident, respondent was entitled to a verdict:

Admittedly, under the conceded facts revealed by the evidence introduced by respondent in support of her case in chief, the inherent nature and character of the accident was such as to create an inference of negligence under the doctrine of *res ipsa loquitur;* and as will be noted, in order to meet and overcome such inference and to exculpate themselves from all responsibility for the accident appellants asserted, and introduced evidence to the effect. that respondent's injuries were proximately caused not by the careless operation of the automobile by the driver, as

alleged and claimed by respondent, but by an agency beyond their control, namely, the sudden breaking of the steering mechanism of the automobile. ■ Therefore, when appellants asserted this new theory and introduced evidence to substantiate it, respondent doubtless had the right to rebut the same, and in furtherance of such right was entitled to show that a defense based thereon was not maintainable because of a failure on the part of appellants to exercise ordinary care in keeping the automobile in a safe condition; and the record discloses that whatever testimony was elicited in this behalf was received without objection. ■ Consequently, if there were any circumstances developed thereby tending to establish an additional element of negligence on the part of appellants, respondent was entitled to take advantage thereof and to urge the same, along with the other negligent acts pleaded in the complaint and upon which she relied originally for recovery (*Rocha* v. *Garcia*, 203 Cal. 167 [263 Pac. 238]; *Gleeson* v. *Virginia Midland R. R. Co.*, 140 U. S. 435 [35 L. Ed. 458, 11 Sup. Ct. Rep. 859, see, also, Rose's U. S. Notes], cited approvingly and quoted from in *Michener* v. *Hutton*, 203 Cal. 604, 610 [59 A. L. R. 480, 265 Pac. 238]); and if that be true, then she was also entitled to have the jury instructed accordingly. ■■ For the reasons stated we are of the opinion that the instructions complained of were not erroneous.

■ Appellants further contend that in any event there was no evidence whatever before the jury to raise the issue that there was a want of ordinary care to maintain the automobile in a safe condition, and consequently no evidence to warrant the court in giving instructions thereon, this contention being based upon the proposition that the expert testimony given by their witnesses to the effect that the defective condition of the steering shaft could not have been discovered by the usual and ordinary inspection of the part was uncontradicted. The law is well established, however, that in order to warrant the giving of an instruction it is not necessary that the evidence upon the issue be clear and convincing, it being sufficient if there be "slight" or "some" evidence upon that issue (24 Cal. Jur., p. 832, and cases cited). ■ Here the jury was not bound to accept the expert testimony given by appellants' witnesses (*Michener*

v. *Hutton, supra,* quoting approvingly from *Volkmar* v. *Manhattan Ry. Co.,* 134 N. Y. 418 [30 Am. St. Rep. 678, 31 N. E. 870]); and even though it be conceded that the direct testimony of such witnesses tended strongly to establish the fact that ordinary inspection of the steering shaft, if made, would not have revealed its dangerous condition, we think that when the entire cross-examination of said witnesses is considered it cannot be fairly said that there was no evidence whatever to support the hypothesis suggested by said instructions.

Moreover, it is held in the case of *Eppinger* v. *Kendrick,* 114 Cal. 620 [46 Pac. 613], and substantially to the same effect in *Mundorff* v. *Ramm,* 66 Cal. App. 553, 568 [226 Pac. 820], that even though the evidence may not be sufficient to sustain a cause of action or defense to which an instruction applies, a reversal may not be had upon that ground if the evidence as to other causes of action or defenses is sufficient to sustain the verdict. In the present case, aside from the question of the evidence relating to the issue of negligence hereinabove discussed, the testimony is legally sufficient in our opinion to sustain the verdict on either of the other following theories urged by respondent: first, that the machine was unable to hold its course on the highway because it was being driven too fast around the curve and that the steering gear broke thereafter when the machine hit the curb or came in contact with the stump of the tree; and secondly, assuming that the steering gear broke while rounding the curve, as claimed by the driver, that he was nevertheless negligent in making no effort to stop the progress of the automobile by applying the brakes before it struck respondent. It would appear, therefore, that under the rule stated in the authorities last above cited, a reversal of the judgment herein would not be justified even though it were determined in accordance with appellants' contention that the testimony was insufficient to sustain the verdict on the ground of the failure to exercise ordinary care in maintaining the automobile in a safe condition.

The cases cited by appellants are essentially different from the one before us, and consequently are not in point. In some of them, unlike the present case, there was no evidence whatever upon which the instructions complained of

were based. In the others the foreign element of negligence to which the asserted erroneous instructions applied was injected into the case affirmatively by the plaintiffs, over the objections of the defendants; while here, as pointed out, respondent in her case in chief confined her evidence to the issue of negligence raised by the pleadings, the other element of negligence which appellants assail having arisen necessarily out of the defense interposed by appellants themselves; and the testimony adduced by respondent with reference thereto having been introduced before the jury without objection.

■ We are also unable to sustain appellants' remaining point to the effect that, regardless of the question of whether said instructions were prejudicially erroneous, the evidence is insufficient as a matter of law to establish actionable negligence on the part of Manbert in the operation of said automobile. The motor vehicle law (Stats. 1923, p. 553, sec. 113) expressly provides that any person driving a vehicle upon the public highway shall do so at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and at such a speed as not to endanger the life, limb or property of any person. ■ It was therefore a question of pure fact exclusively within the province of the jury to determine whether or not under the existing conditions the automobile was being operated around said curve in a careless manner; ■ and even assuming that the situation presented was one from which reasonable minds might draw different conclusions, the determination of the jury is nevertheless controlling on appeal (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513]).

For the reasons stated the judgment is affirmed.

Cashin, J., and Tyler, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 28, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 27, 1930.

All the Justices present concurred.