[S. F. No. 13779. In Bank.—February 3, 1930.]

ORIENTE BARONI et al., Respondents, v. B. ROSEN-BERG, Appellant; CONTINENTAL CASUALTY COMPANY, Intervener.

Louis V. Crowley and Cooley, Crowley & Gallagher for Appellant.

Daniel A. Ryan and George F. Snyder for Respondents.

Hadsell, Sweet & Ingalls for Intervener.

PRESTON, J.—The order granting a new trial, here appealed from by defendant B. Rosenberg, is affirmed. The

sole question is whether the trial court abused its discretion in making said order.

Plaintiff predicated his motion for new trial upon practically all of the statutory grounds (sec. 657, Code Civ. Proc.), but urged as the main specifications of error alleged prejudicial misconduct on the part of counsel for said defendant, hereinafter detailed, and that the verdict was against the weight of the evidence. The insufficiency of the evidence cannot be urged in support of the order, however, as it is not therein specified as one of the grounds therefor (sec. 657, Code Civ. Proc.).

Plaintiff instituted the action for the purpose of recovering damages against defendants by reason of the fact that on November 1, 1926, he was struck by a five-ton dump truck owned by defendant B. Rosenberg and operated by one of his employees in connection with grading work on Rutland Avenue, San Francisco. Plaintiff was at said time acting as grading foreman for Keystone Construction Company and, in a half-kneeling position at the sidewalk edge on said avenue, was engaged in stretching string to mark the prospective line of curb for excavation purposes. The truck, in passing, hit his leg and so swung him around that one of his feet was caught under a wheel, crushed, injured and rendered permanently useless. Continental Casualty Company, the carrier of workmen's compensation insurance for plaintiff's employer, which had expended in plaintiff's behalf some $1,000.20 for hospital expense and claimed $3,520.27 as compensation payments for 169 weeks, joined in the action as plaintiff intervener and lien claimant. The cause was tried before a jury and verdict rendered for said defendant. The alleged misconduct charged by plaintiff arose from a colloquy which took place between counsel in the presence of the jury, under substantially the following circumstances:

Counsel for defendant called plaintiff as a witness under section 2055 of the Code of Civil Procedure and asked him if he was receiving at that time workmen's compensation each week. Plaintiff's attorney objected unless the jury be instructed that such compensation would have to be paid back out of any verdict obtained. After remarks between counsel, the record shows the following: "Q. (By Mr. Gallagher, Counsel for Defendant): It is a fact that you are weekly receiving indemnity from the Continental Casualty

Company? A. Yes. I get $20.83 a week. The Court: As long as it has been mentioned, that is, from the fact that his employer paid workmen's compensation. Mr. Gallagher: Yes, your Honor. The Court: And that was between this plaintiff and his employer. Mr. Ryan: And will have to be repaid to the person who paid the insurance. Mr. Gallagher: Yes, and it will continue to be paid, too. Mr. Ryan: No, it will not. It stops at a certain time. *Mr. Gallagher: He will get it as long as he lives.* Mr. Ryan: No, he will not. I object to that and assign it as misconduct. The Court: I ask the jury to disregard all of that. . . . I ask the jury to disregard everything that has been said except what has been said by the court on the subject of the law governing this matter.''

The statement of counsel, above quoted and in italics, was in fact not true. As was brought out by affidavit upon motion for new trial, plaintiff received under the Workmen's Compensation Act (Deering's Gen. Laws 1923, Part One, Act 4749, p. 1710, as amended) a permanent disability rating of only 42¼ per cent, or the equivalent of 169 weeks of disability payments. In order to entitle him to compensation under said act for the remainder of his life he would have to have been *totally* and not partially permanently disabled—that is, he would have to have received a total permanent injury rating of at least 70 per cent (sec. 9, subds. 2 and 5, of said act). Here of plaintiff's whole body his one foot only was permanently injured, thus entitling him to said rating of but 42¼ per cent permanent disability. The facts as to the method of rating disabilities under the act and as to the rating received by plaintiff were not brought out prior to the proceedings upon motion for new trial. They were not in the record. Indeed, there was no way of incorporating them therein. Under section 26 of said act such testimony is inadmissible.

Moreover, the entire discussion as to compensation was extraneous to the issues. Although the court admonished the jury to disregard it, the harm, if any, was already done and it had no power to wipe away the false concept of the situation imprinted upon their minds. The remark was properly assigned as misconduct and, despite the admonition, was, in our opinion, prejudicial. The fact of the matter is that the absolutely erroneous statement that plaintiff would

get compensation as long as he lived was flatly made by defendant's counsel, before the jury, and correct information as to the method of rating disabilities under the act, which might have disabused their minds, was not and could not be given them. To our mind there was ample justification for the exercise by the trial court of its discretion in granting a new trial; hence our affirmance of its action. As authority for the conclusion announced, see *Keena* v. *United Railroads*, 197 Cal. 148 [239 Pac. 1061] and *Gee* v. *Fong Poy*, 88 Cal. App. 627, 639–647 [264 Pac. 564], and cases therein cited.

Curtis, J., Langdon, J., Shenk, J., Richards, J., and Seawell, J., concurred.

Rehearing denied.