[Civ. No. 6577. Second Appellate District, Division One.—June 18, 1931.]

MAE BELL VEALL, Respondent, v. JAMES S. SANBORN, Appellant.

D. L. Ault and Tompkins & Clark for Appellant.

J. Edward Keating and Theodore E. Bowen for Respondent.

BISHOP, J., *pro tem.*—This is an action based on a breach of promise to marry. A verdict in plaintiff's favor for $25,000 was by the trial court reduced to $15,000, but is still too high, appellant complains. No fault is found with the proceedings that led to the judgment except the giving of two instructions, the objection to them being not that they are wrong in themselves, but that they should not have been given in this case because there was no evidence upon which to base them. We find the evidence sufficient to justify the giving of the instructions and to warrant the sum for which the judgment now provides.

The first instruction which defendant says was not warranted by the evidence reads as follows: "If you should find from the evidence in this case that the defendant has attempted to prove that the plaintiff was a lewd and base woman, and was of immoral or bad character, and that he has failed to establish and prove the same by preponderance of the evidence, and that such attempt was not made in good faith or was made without any reasonable hope or expectation of establishing such fact, then such charge and failure on the part of the defendant may be taken into consideration by you, in fixing the amount of the damages in this case, providing you find for (from) the other issues in favor of the plaintiff." Applying the rules "that in order to warrant the giving of an instruction it is not necessary that the evidence upon the issue be clear and convincing, it being sufficient if there be, 'slight' or 'some' evidence upon that issue (24 Cal. Jur., p. 832,

and cases cited)." *Brandes* v. *Rucker-Fuller Desk Co.*, (1929) 102 Cal. App. 221, 227 [282 Pac. 1009], and "Instructions should be based upon evidence actually adduced or upon reasonable inference from the evidence disclosed by the record." *Kinnear* v. *Martinelli*, (1927) 84 Cal. App. 721, 726 [258 Pac. 686, 688], we conclude that the giving of this instruction was not reversible error for there was evidence which justified its giving. Plaintiff was the first witness on her own behalf. Although she had alleged seduction in her complaint the subject was not touched upon in her direct examination. Defendant, in his cross-examination of plaintiff, went into the matter for the first time and thereafter when he was a witness on his own behalf testified that there was no promise of marriage at any time, but that within fifteen minutes after he met plaintiff by appointment in her hotel room he had intimate relations with her, and again a few hours later and thereafter at repeated intervals over a period of about a year. Defendant further related warnings whispered by his friends that he had better watch his step, that plaintiff was stepping out with other men. Evidently the jury did not accept defendant's version that his intimate relations with plaintiff were without any promise or thought of marriage, and inasmuch as the false story came from defendant's own lips the instruction complained of is not without a basis, at least by way of inference.

The second instruction appellant refers to reads as follows: "You are further instructed that you may take into consideration the financial standing and condition of the defendant, as shown by the evidence in the case, as a circumstance to be considered in fixing the amount of the damages if you first find that the plaintiff is entitled to damages, and if you further believe from all of the evidence in the case that the defendant entered into a contract of marriage with the plaintiff from improper motives, and without any intention of carrying it out at the time, and after seducing her under such promise of marriage, if you find that he did so seduce her under such promise, then ruthlessly and without just cause refused to marry her, then in addition to the other damages which you may assess by way of compensation for the injuries sustained, you may allow such additional sum as you may think

proper by way of example, and as exemplary damages.'' Again we find the evidence such that it was not error to give this instruction. Without going into detail, in addition to the evidence already touched upon there was incident after incident testified to by plaintiff respecting the postponed purchase for her of a ring and respecting the delay in fixing the wedding day, from which the jury could with reason infer that the defendant from the first was not acting in good faith, but was taking advantage of plaintiff's trusting nature for his own convenience.

Enough of the evidence has been indicated to demonstrate that a judgment of $15,000, against a defendant whose financial worth, as appears from his own testimony, is greatly in excess of $30,000, cannot be said to be unsupported by the evidence, or to be patently the result of passion or prejudice. (*Lanigan* v. *Neely*, (1907) 4 Cal. App. 760 [89 Pac. 441].) ''The damages for the breach of a promise of marriage rest in the sound discretion of the jury.'' (Sec. 3319, Civ. Code.)

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.