[Civ. No. 7492. First Appellate District, Division One.—August 26, 1931.]

ANDREW ANDERSON, Respondent, v. R. D. ADAMS, Appellant.

Thomas R. White and C. H. McIntosh for Appellant.

Cross & Brandt for Respondent.

MR. JUSTICE KNIGHT DELIVERED THE OPINION OF THE COURT.—This is an appeal by defendant from an adverse judgment in an action to recover the sum of $2,000 which plaintiff claims was loaned by him to the defendant at the

latter's request to enable defendant to purchase certain shares of stock in a mining corporation which the parties were organizing. The defendant denied that the money advanced by plaintiff constituted a loan, but the trial court, sitting without a jury, found otherwise, and in our opinion there is sufficient evidence to support such finding.

It appears from the record that ·plaintiff and others had contributed certain sums of money to a so-called prospecting fund to send defendant to Venezuela to examine certain mining properties in that country, the amount of the plaintiff's contribution thereto being $1,000. Upon defendant's return his report was submitted and an "equipment" fund was created by the same parties for the purpose of operating the property, to which plaintiff subscribed $5,000, half of which was paid at the time the subscription was made. A corporation was then organized under the laws of Nevada, of which defendant became the president; and at a meeting subsequently held in San Francisco certificates of stock were delivered to those who had contributed and subscribed to the funds above mentioned in proportion to the amount of their contributions and subscriptions. When plaintiff's certificates were handed to him he noted that they called for 5,000 shares of preferred stock and 35,000 shares of common stock in excess of the amount he had contributed and subscribed, which excess stock represented a value of $5,000. According to the testimony given by plaintiff and other witnesses called in his behalf he protested, stating that he had not subscribed for the amount of stock called for by the certificates and that he would not accept it, and he demanded that the certificates be reissued for the correct amount. However, plaintiff and defendant were intending to proceed at once to Venezuela, and the process of obtaining corrected certificates would have delayed their departure because it would have been necessary to send the erroneous certificates back to Reno, Nevada, and have new ones issued and· signed by the resident secretary of the corporation. Defendant called attention to this situation, and in order to avoid the delay agreed with plaintiff, according to the testimony supporting the trial court's finding, that he would take over a portion of the excess called for by said certificates to the extent of $2,000, if plaintiff would lend him the money to pay for the same,

stating that he would repay plaintiff after receiving three or four months' salary from the company. Plaintiff consented to do so, but before advancing the $2,000 insisted that defendant give him a "receipt showing the transaction". Thereupon defendant dictated, signed and delivered to plaintiff an instrument reading as follows: "March 10th, 1925. Received from Andy Anderson the sum of two thousand ($2000) dollars in currency *to be applied on my subscriptions* to Venezuela Gold. [signed] Venezuela Gold, Inc. by R. D. Adams." (Italics ours.) Plaintiff objected to the form of the document, and particularly to the presence therein of the words "Venezuela Gold, Inc.", preceding defendant's signature, but in response to the objection defendant stated in substance, according to plaintiff's witnesses, that the receipt was all right, that as friends they understood its meaning, which was all that was necessary, and that he would soon be able to take care of the matter. Thereupon plaintiff retained the certificates as issued and later paid the balance of $3,000 for his portion of the excess stock; but defendant refused to repay plaintiff the $2,000 which he had advanced for him under the circumstances above stated.

It is evident, we think, without discussion, that the foregoing evidence is legally sufficient to sustain the trial court's conclusion that the transaction constituted a loan. At the trial defendant admitted that a dispute arose over the contents of the certificates, but denied asking plaintiff to lend or advance him $2,000 or any other sum with which to purchase a portion of the excess stock, claiming that the proposition made by him was that if plaintiff did not care to take the excess amount of stock the company would relieve him of it later by reselling the same. His explanation for having given the receipt, however, was evidently unsatisfactory to the trial court; and in any event it is apparent that the testimony given by defendant tended only to create a conflict on the points to which it related; and since it was within the exclusive province of the trial court to pass upon the weight of the testimony, its decision in the matter is controlling on appeal.

Defendant further contends that at most the evidence as a whole establishes nothing more than an oral agreement between plaintiff and defendant for the purchase

and sale of certain stock for a consideration of $2,000, and that therefore such agreement was invalid and unenforceable under section 1739 of the Civil Code, which requires agreements to buy and sell personal property for a price of $200 or more to be in writing, unless the buyer accepts part of the property or pays a portion of the purchase price. It is well settled, however, that if the evidence is such that reasonable minds might fairly draw different conclusions therefrom, the conclusion reached by the jury, or the court sitting as such, is final and cannot be disturbed on appeal (2 Cal. Jur. 934). Therefore, since, as pointed out, the trial court's conclusion in the present case that the transaction constituted a loan is founded on substantial evidence, it is conclusive on appeal even though, as defendant contends, there was evidence which may have justified a different conclusion (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513]; *Brandes* v. *Rucker-Fuller Desk Co.*, 102 Cal. App. 221 [282 Pac. 1009]; *Cole* v. *Manning*, 79 Cal. App. 55 [248 Pac. 1065]). The remaining incidental points urged by defendant are likewise without merit.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 25, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 22, 1931.