58

[Civ. No. 10147.   First Appellate District, Division One.—February 3, 1937.]

JOE FERRARIO, an Incompetent Person, etc., Respondent, v. R. A. CONYES et al., Appellants.

Hadsell, Sweet, Ingalls & Lamb and Edmund Scott for Appellants.

Thornton & Watt, Thornton & Taylor and William F. Reed for Respondent.

TYLER, P. J.—Appeal from an order granting a new trial after verdict for defendants in an action for damages for personal injuries. The only ground urged upon the hearing of the motion was the claimed misconduct of counsel for defendants in his argument to the jury. The grounds urged on appeal for a reversal of the order granting the motion are: 1. the evidence was insufficient to justify a finding in favor of plaintiff had one been made; 2. there was no misconduct; 3. conceding that there was it was not sufficient to justify the granting of the motion under the facts of the case. The points urged necessitate a brief review of the facts.

The accident happened on the premises of the Western Pipe & Steel Company in South San Francisco at approximately 8:15 A. M. on December 5, 1934. Plaintiff was an employee of the last named company and was engaged in attempting to move a piece of old cable from a pile situated on the premises of his employer. Defendant R. A. Conyes was engaged in the trucking business. Defendant Jones was employed by him as a truck driver. Jones was engaged in handling pipe from the plant to a point somewhere south of Redwood City. On each trip Jones took one length of pipe which was sixty-six inches in diameter and sixty feet long. The conveyance used by Jones was composed of a truck and a dolly, the dolly being a two wheeled trailer attached to the rear of the truck by a cable approximately thirty feet long. On the day of the accident after the truck driven by Jones had been loaded he stopped to secure some pieces of timber used in his work. While thus engaged a small Ford pick-up truck driven by one Anderson, an employee of the Western Pipe & Steel Company, drove out of the yard. In doing so he passed plaintiff, who was bent over engaged in his work. Anderson spoke to plaintiff and then drove out upon the highway. About a minute later Jones started his truck, following the course taken by Anderson. He testified that as he drove forward he was looking ahead but saw no one in his

path. About three minutes after the truck driven by Jones had passed the point where Anderson had seen plaintiff working, plaintiff was found lying in the road. No one had witnessed the accident. As a result plaintiff received a compound fracture of his left leg. He also received a fracture of the base of the skull, and an injury to his brain which caused him to become irrational, which injury will probably be permanent.

There was evidence to show that no other vehicle had passed plaintiff to the time he was found except the truck driven by Jones. Other evidence was to the effect that the trailer, going around the bend where plaintiff was seen at work by Anderson, cut in as much as three or four feet, and that the character of injury plaintiff suffered would be inflicted by a wheel carrying a heavy weight such as the wheel on the trailer. Defendant Jones testified that as he passed the place where plaintiff was working he looked straight ahead and saw no one although there were no obstacles in the road interfering with his view. Plaintiff testified that he saw defendants' truck approaching but continued his work. It also appeared that owing to plaintiff's mental condition his testimony was unreliable.

It was plaintiff's theory of the case that Jones should be charged with negligence in failing to see plaintiff engaged in his work at the edge of the road which was forty feet wide at the place of the accident. ▮ We do not deem a further discussion of the facts to be necessary as we are of the opinion that those presented by the plaintiff were sufficient to make out a *prima facie* case of negligence for plaintiff had the jury found in his favor. Nor do we deem a discussion of the numerous authorities presented by counsel for both parties, upon the question as to whether or not a *prima facie* case of defendants' negligence had been made out by the plaintiff under all of the facts presented, to be necessary. The facts speak for themselves. Motions for a nonsuit and directed verdict were made and properly denied. The alleged misconduct of defendants' counsel is therefore material.

▮ This misconduct consisted of certain statements made by counsel in his argument to the jury respecting insurance, which is the basis of the trial court's order granting a new trial. With the exception of the medical witnesses all called

by plaintiff were employees of the Western Pipe & Steel Company. Counsel stated in his argument to the jury: "The Western Pipe & Steel Company is liable for compensation and these men are all employed by the Western Pipe & Steel. The uncontradicted testimony shows that he was in the course of his employment, and that therefore they would be liable for compensation and that because of said liability and as an afterthought, liability was sought to be shifted to defendants in this action" and again, "there are interested witnesses here. They are employees of the Western Pipe & Steel Company and naturally they are interested in fixing the liability on this defendant".

Where a workman is injured in the course of his employment by a person other than his employer, he is entitled to bring an action at law against such party and he is not to be prejudiced in such action by the fact that he may be receiving compensation. (Act 4749, Deering's General Laws, 1931, sec. 26.) It is well established in this state that it is prejudicial misconduct in an action of this type for the opposing party to bring before the jury the fact that the employee suing a person other than his employer is entitled to or being paid compensation by his employer. (*Amore* v. *Di Resta*, 125 Cal. App. 410 [13 Pac. (2d) 986].) And even where the court admonishes the jury to disregard the statement it is still prejudicial as the harm has been done. (*Baroni* v. *Rosenberg*, 209 Cal. 4 [284 Pac. 1111].) The remarks concerning the interest of plaintiff's witnesses were likewise prejudicial as there was nothing in the record to show that Western Pipe & Steel Company was liable at the time of the trial to pay compensation or that it had an interest in the outcome of the action. (*Mangino* v. *Bonslett*, 109 Cal. App. 205 [292 Pac. 1006].) The remarks made by defendants' counsel were ample to justify the trial court in exercising its discretion in granting a new trial. (*Baroni* v. *Rosenberg, supra; Mangino* v. *Bonslett, supra.*) It is a well established rule that the granting of a new trial on the ground of misconduct rests so largely in the discretion of the trial court that its action in that regard will not be disturbed on appeal except upon the disclosure of manifest abuse. It is only in rare instances and upon very strong grounds that appellate courts will set aside an order granting a new trial,

and this is not a case calling for the exercise of such power. (*Merralls* v. *Southern Pac. Co.*, 182 Cal. 19 [186 Pac. 778].)

The order is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 5, 1937, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 1, 1937.