[Civ. No. 10329.  First Appellate District, Division One.—May 24, 1938.]

FRANCES M. URY, Appellant, v. FREDKIN'S MARKETS INC. (a Corporation) et al., Respondents.

Owen D. Richardson and Donald B. Richardson for Appellant.

Frank V. Campbell, L. H. Schellbach, Walter E. Rankin and Robert E. Hayes for Respondents.

CASHIN, J.—The plaintiff sought to recover damages for personal injuries alleged to have been caused by the negligence of the defendants. The latter answered, denying negligence on their part, and alleged that the plaintiff had herself been negligent in the matter and that her negligence contributed proximately to the injuries sustained. The cause was tried before a jury, which rendered a verdict for the defendants. The plaintiff appeals.

Two contentions are made in support of the appeal, viz., that the court erred in one of its instructions to the jury, and that there was no evidence of negligence on the part of the plaintiff upon which an instruction on the subject of contributory negligence could be based.

The instruction was in the following terms: ''The court instructs you that one who voluntarily places herself in a position of danger, knowing the situation as it exists, and knowing at the time how she might avoid the danger to herself if she used ordinary care for her own protection, is assumed in law to have assumed the risk of the situation which she voluntarily goes into.''

It is contended that this instruction is erroneous because the answer of the defendants contained no specific plea of assumption of risk.

The point is not well taken for the reason that the defense of plaintiff's contributory negligence was pleaded, under which the evidence upon which the instruction is based was admissible. (*Commonwealth Bonding & Casualty Ins. Co.* v. *Pacific Elec. Ry.*, 42 Cal. App. 573 [184 Pac. 29]; *Quinn* v. *Recreation Park Assn.*, 3 Cal. (2d) 725 [46 Pac. (2d) 144]; *Anderson* v. *Western Pac. R. R. Co.*, 17 Cal. App. (2d) 244 [61 Pac. (2d) 1209]; 39 Cor. Jur., Master and Servant, sec. 883, p. 684; Restatement of the Law of Torts, sec. 466.)

■ Defendants' second point necessitates a reference to the testimony.

The injuries suffered by plaintiff were the result of the bodies of plaintiff and defendant Don Cissi coming in contact with sufficient violence to cause plaintiff to fall to the ground. It happened in a provision, fruit and vegetable market conducted by defendant Fredkin's Markets Inc., the employer of Cissi, serving in the capacity of salesman, whose movement in making a sale brought him in bodily contact with plaintiff. The market was conducted under the quite common system of dividing the floor space of a building or part thereof into blocks, occupied by displays of merchandise, with passageways or aisles between them, there being no counters behind which the salesmen stand, these taking their place immediately in front of the particular merchandise they each are engaged in selling, and in a sense mingling with the public, which has practically equal access to the merchandise with the salesmen. The plaintiff entered this market one Saturday afternoon for the purpose of buying cherries. She is a woman of frail and slight physique and at the time of the occurrence was 74 years of age. Don Cissi was stationed at a vegetable and fruit stand on the west side of an aisle running north and south. He was engaged in waiting on a customer, and was stooping over with his back to the aisle putting tomatoes in a bag preparatory to weighing them at a scale situated to his right, to reach which it was necessary for him to walk a step or two parallel with his stand. In straightening up and turning to his right his body came in contact with that of the plaintiff, who was standing close to him, behind and a little to his right. Though so close to and behind Cissi, she was not looking in his direction but was gazing to the north along the aisle. As already stated, as a result of this contact she fell to the ground and was quite severely injured, one of her hip joints being fractured.

A few lines from the testimony will emphasize the facts which bear upon the question whether the record discloses sufficient evidence upon which the court was justified in giving to the jury any instruction bearing on the subject of contributory negligence.

Mrs. George Dolfin, a witness for the plaintiff, testified: "He (referring to Cissi) did not strike her; he kind of, seemed to me, he kind of touched her shoulder . . . and I

am sure she was very frail and fell over that way. . . . I don't think it would have upset me."

Don Cissi, although one of the defendants, was called as a witness by the plaintiff. He testified: "As I turned from the stand I slightly brushed her elbow or arm. I don't think the contact was severe enough to cause anyone to fall over. I was standing still but I moved around fast. . . . I had not started to walk yet. . . . I had just turned and was going to the scale. I looked towards the scale but I did not see Miss Ury."

The plaintiff was a witness in her own behalf. From her testimony we take one or two questions and answers: "Q. Now when he struck you was he moving forward or was he just turning around? (A.) Just turning around. (Q.) As he testified? (A.) Yes. (Q.) Was he moving forward? (A.) I don't think he was. He just turned around quickly and he didn't see me."

Cissi also testified that physical contacts of the character here involved were of daily occurrence in the market, happily not followed, however, by serious consequences.

This review, we think, makes it clear that there was sufficient testimony upon which the question whether the plaintiff, in placing herself behind Cissi and so near to him that a slight movement on his part brought him in contact with her, and she the while directing her attention away from him, exercised ordinary care for her own safety, could properly be submitted to the jury. The instruction left it to them to say whether under these circumstances the plaintiff assumed the risk of injury which might result from the sort of physical contact shown in this case. ■ What is ordinary care depends upon time, place and person. An ordinarily robust person may in perfect safety get into situations which would be dangerous to a child or to a person of great age or feebleness. The plaintiff must be charged with knowledge of her physical condition, and of the risks she incurred in stationing herself so near to Cissi, engrossed in his work, that an ordinary movement on his part necessitated thereby might jeopardize her safety.

We conclude that the question of plaintiff's negligence was on the evidence properly submitted to the jury.

For the foregoing reasons the judgment is affirmed.

Tyler, P. J., concurred.

KNIGHT, J., Concurring.—It is my conclusion that the evidence did not justify the giving of respondents' instruction upon the doctrine of assumption of risk (No. 12) or the two others given in connection therewith upon the law of contributory negligence (Nos. 14 and 18) embodying respondents' theory that appellant's age and physical condition served as contributing causes to the happening of the accident. Such conclusion is based upon the following uncontroverted facts: that the clerk Don Cissi, collided with appellant, and that the impact regardless of the force thereof was the proximate cause of appellant's fall; that appellant was at the time a business invitee upon the premises, and when struck was standing still, in the main aisle, which was ten feet wide, waiting to be served as a customer; that she was standing approximately three feet from said clerk, and although other parts of the market were quite well filled with shoppers, there was but one other person besides appellant and the clerk in the aisle in which she was standing when the clerk collided with her. The instructions above referred to were, therefore, in my opinion, erroneous. However, it is held in *Brandes* v. *Rucker-Fuller Desk Co.*, 102 Cal. App. 221 [282 Pac. 1009], and other cases cited therein, that even though the evidence in a case be insufficient to sustain the defense to which instructions are directed, a reversal is not warranted on that ground when the evidence as to other defenses which are pleaded is sufficient to sustain the verdict; and in the present case respondents pleaded and they mainly relied upon the additional defense that the accident was unavoidable and did not result from a want of exercise of ordinary care on the part of the clerk; and apparently the circumstances attending the accident are such as to sustain the implied finding of the jury on that issue. It would seem to follow, therefore, that the giving of the irrelevant instructions did not constitute prejudicial error; and upon that ground I concur in the judgment of affirmance.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 21, 1938.