[Civ. No. 18523.   Second Dist., Div. Two.   Mar. 25, 1952.]

WILLIAM FRANKLIN COVELY et al., Appellants, v. C.A.B. CONSTRUCTION COMPANY (a Copartnership) et al., Respondents.

Arnerich, Del Valle & Sinatra for Appellants.

Spray, Gould & Bowers and Parker, Stanbury, Reese & McGee for Respondents.

McCOMB, J.—Plaintiffs appeal from a judgment in favor of defendants after trial before a jury in an action to recover for wrongful death.

*Facts:* On October 21, 1947, Fred Covely died as the result of a boom on a crane collapsing and falling upon him. The crane, of which the boom was a part, was leased by defendant Bryce to defendant C.A.B. Construction Company, hereinafter referred to as C.A.B., on a wholly equipped "operated and maintained" basis which means the charge for maintenance and the operator's wages were paid by C.A.B. and ultimately charged back to defendant Bryce.

C.A.B. was a partnership engaged in excavating and moving dirt. It had secured a subcontract from Mr. Barnes for all the excavating and dirt moving work on the Hollywood Freeway. C.A.B. subcontracted to defendant Bryce part of the dirt excavating work which it had agreed to do for Mr. Barnes. By this agreement defendant Bryce was paid by C.A.B. for each hour the equipment was used. He was on the job every day to furnish the equipment and see that everything "went all right with it."

At the time of the accident C.A.B. was using the equipment which it had leased from Bryce in connection with some dirt excavating it was doing, particularly the stacking of beams. Decedent was on a pile of beams that had already been moved when another load was picked up and moved toward the stock pile. As the boom swung over it broke, with the resulting accident.

*Questions:* First: *Did the trial court err in admitting evidence relative to the custom and usage with reference to the right of control of an employee where a crane is leased under an agreement that it is to be wholly equipped and "operated and maintained" by the lessor?*

*No.* In the present case evidence was admitted pertaining to the custom and usage relative to who had control of the operator of the crane where it was leased under a contract similar to the one involved in this case. Testimony was admitted showing that the lessee had the right under such a contract to discharge the operator of the crane if he was not

operating it in a manner satisfactory to the lessee. This testimony was admissible under the following rules:

■ (1) A contract may be interpreted in accordance with the usage of the place of its performance (Code Civ. Proc., § 1870, subsec. 12) ;*

■ (2) Knowledge of the custom on the part of the contracting parties is presumed from the fact that they are in the business or trade in which the custom exists (*Watson Land Co.* v. *Rio Grande Oil Co.*, 61 Cal.App.2d 269, 272 [2] [42 P.2d 950]; *Hind* v. *Oriental Products Co.*, 195 Cal. 655, 667 [11] [235 P. 438].)

■ (3) It is not necessary to plead a custom or usage where it is so general that it is presumed to have been known by the parties to a contract. (*Todd* v. *Meserve*, 93 Cal.App. 370, 381 [5] [269 P. 710].)

■ Applying the foregoing rules to the facts in the present case the evidence which was admitted was of a general custom and usage in the trade. Therefore it was properly admitted for the purpose of determining the extent and control of the lessee over the operator of the equipment leased upon a wholly equipped ''operated and maintained'' basis.

■ Second: *Did the trial court commit prejudicial error in:*

(a) *Instructing the jury as follows?*

''There is a legal principle commonly referred to by the term 'assumption of risk,' which now will be explained to you:

''One is said to assume a risk when he freely, voluntarily and knowingly manifests his assent to dangerous conduct or to the creation or maintenance of a dangerous condition, and voluntarily exposes himself to that danger, or when he knows, or in the exercise of ordinary care would know, that a danger exists in either the conduct or condition of another, or in the condition, use or operation of property, and voluntarily places himself, or remains, within the area of danger.

''One who thus assumed a risk is not entitled to recover for damage caused him without intention and which resulted from

---

*The Code of Civil Procedure, section 1870, subsection 12, reads in part as follows: ''In conformity with the preceding provisions, evidence may be given upon a trial of the following facts: . . . 12. Usage, to explain the true character of an act, contract, or instrument, where such true character is not otherwise plain; but usage is never admissible, except as an instrument of interpretation.''

■

the dangerous condition or conduct to which he thus exposed himself."

*No.* First, plaintiffs urge the instructions were erroneous under the ruling in *Hedding* v. *Pearson,* 76 Cal.App.2d 481 [173 P.2d 382]. The instructions in the cited case were held to be erroneous because the facts as to the extent of plaintiff's knowledge of the danger, as to whether plaintiff was unreasonable in encountering the risk and as to whether he failed to exercise due care under the existing conditions, were matters which were not left to the jury for their determination and consideration. (See *Hedding* v. *Pearson supra,* 485 [2a].)

In the instant case the instructions left the foregoing questions for the determination of the jury.

Second, plaintiffs contend it was error to give an instruction on assumption of risk in the absence of a pleading of such doctrine in a special defense. Such is not the law. Where the defense of plaintiff's contributory negligence is pleaded, as in the instant case, evidence of assumption of risk by the injured party and instructions relative thereto are proper. (*Ury* v. *Fredkin's Markets, Inc.,* 26 Cal.App.2d 501, 502 [1] [79 P.2d 749].)

(b) *Giving an instruction on the doctrine of unavoidable accident?*

*No.* The trial court correctly gave an instruction upon the doctrine of unavoidable accident. ■ Whenever, as in the instant case, defendant by its answer denies negligence it is not error for the trial court to give an instruction on the doctrine of unavoidable accident. (*Sitkei* v. *Ralphs Grocery Co.,* 25 Cal.App.2d 294, 297 [4] [77 P.2d 311] (hearing denied by the Supreme Court) ; *Wertheim* v. *Mears,* 104 Cal.App.2d 120, 121 [1] [231 P.2d 89].)

■ Third: *Did the trial court err in refusing to give the following instructions requested by plaintiffs?*

(a) "One may not be said to assume a risk that can come to him only through the negligence of another that he does not anticipate and which would not be anticipated by a person of ordinary prudence in like situation."

*No.* The substance of this instruction was given by the court in the following:

"A person who, himself, is exercising ordinary care has a right to assume that others, too, will perform their duty under the law, and he has a further right to rely and act on that assumption. Thus, it is not negligence for such a

person to fail to anticipate injury which can come to him only from a violation of law or duty by another . . ."

(b) "If, at the time of the accident in question, the deceased, Fred Covely, was in the performance of a duty enjoined upon him by his employer, Barnes Construction Company, to wit, the unloading and piling of steel H-beams, the deceased had the right to assume that the boom of the mobile crane operated by the defendant William B. Hale would not collapse and fall without warning, and you should not find that said deceased contributed to his own injuries in the doing of that which his employment required that he should do.

"You are instructed that where a person must work in a position of possible danger the amount of care which he is bound to exercise for his own safety may well be less by reason of the necessity of his giving attention to his work than would otherwise be the case. Whether or not the decedent, Fred Covely, was guilty of contributory negligence in assisting in the unloading and the piling of the steel H-beams on the date of said accident, all as disclosed by the evidence, is a question for your decision.

"You are reminded, however, that it was the duty of the deceased to exercise at all times the care of an ordinary prudent man."

*No.* These instructions were covered by the following instruction:

"You are instructed that the mere fact that the deceased worked in and about the mobile crane, knowing that there was an element of danger in so working, does not necessitate the conclusions that he thereby assumed the risk of any injury that might be sustained by him."

Fourth: *Was defendants' counsel guilty of prejudicial misconduct in addressing the jury?*

*No.* During the course of defendants' argument to the jury the following occurred:

"Now, this unfortunate accident, of course, occurred, but we must look at it in an abstract manner in determining the issues in this case. Fortunately it is an industrial accident and the law provides for taking care of industrial accidents.

"Mr. Arnerich: Just a minute. If your Honor please, I object to that statement and cite it as prejudicial misconduct. It is no part of the issues of this case.

"The Court: Objection sustained. Jury disregard the remark."

Where counsel is charged with misconduct in improperly bringing the question of insurance into a case the denial of a motion for a new trial on that ground will be deemed a determination by the trial court of counsel's good faith and that prejudice did not result to the opposing party. Such a determination in the absence of a clear showing of prejudice is binding upon an appellate court. (*Walling* v. *Kimball*, 17 Cal.2d 364, 368 [1] [110 P.2d 58] ; *Brown* v. *Mc-Cuan*, 56 Cal.App.2d 35, 40 [4] [132 P.2d 838].)

In the present case one of the grounds of the motion for a new trial was the alleged improper remark of counsel. It does not appear that the trial court has abused its discretion, hence the foregoing rule is applicable.

*Baroni* v. *Rosenberg*, 209 Cal. 4 [284 P. 1111], and *Ferrario* v. *Conyes*, 19 Cal.App.2d 58 [64 P.2d 975], are in accord with the above stated rule. In each of the cited cases the court held, in granting the motion for a new trial, that counsel's conduct constituted prejudicial error and such ruling being supported by a reasonable inference from the record, was affirmed on appeal.

Fifth: *Was there substantial evidence to sustain the verdict of the jury and the judgment predicated thereon that (a) plaintiff had not sustained the burden of proof of establishing defendants' negligence, or (b) the accident was unavoidable?*

*Yes.* Assuming for the purpose of this opinion only that the doctrine of res ipsa loquitur was applicable, the following rule applies: The doctrine of res ipsa loquitur merely warrants or justifies the drawing of an inference of negligence. It does not create a presumption of negligence or compel a finding of negligence if defendant's explanatory evidence has, to the satisfaction of the trier of fact, overcome the inference of negligence arising from the application of the doctrine. (*Anderson* v. *I. M. Jameson Corp.*, 7 Cal.2d 60, 64 et seq. [59 P.2d 962] ; *Ward* v. *Silveria*, 102 Cal.App.2d 114, 119 [3] [226 P.2d 732] ; *Hinds* v. *Wheadon*, 67 Cal.App.2d 456, 464 [2] [154 P.2d 720] ; *Holt* v. *Henry*, 58 Cal.App.2d 168, 171 [3] [136 P.2d 97].)

In the present case there was testimony that the crane was in good working condition before the accident and there was a total absence of testimony of any defect either in the crane or in its operation. Also, there was testi-

mony that it was not customary for a pile butt man, which decedent was, to walk under a swinging boom which was loaded. In the instant case the swinging boom was loaded and decedent had placed himself under it.

In the light of the above stated rules and the facts, the trial jury may have inferred either that (1) the inference of negligence arising from the application of the doctrine of res ipsa loquitur had been overcome by the evidence introduced by defendants or (2) the accident was an unavoidable one. Therefore, under the above stated rule, we find the evidence was conflicting and we are bound by the determination of the trier of facts that the inference of negligence arising from the application of the doctrine of res ipsa loquitur had been overcome by defendants' evidence and there was sufficient evidence to sustain the verdict and judgment in favor of defendants. Likewise, since the evidence would have justified a finding that the accident was unavoidable, we are bound by the implied finding of the jury to such effect.

In view of our conclusions it is unnecessary to discuss other points presented by counsel.

The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied April 15, 1952, and appellants' petition for a hearing by the Supreme Court was denied May 22, 1952. Carter, J., was of the opinion that the petition should be granted.